■ BARBARA ECKERT, Respondent, v. CURTIS D. ECKERT, Appellant.— In an action for a judicial separation, the defendant appeals from an order of the Supreme Court, Kings County, dated January 6, 1970, which granted plaintiff temporary alimony and other relief. Order reversed, without costs, and plaintiff's motion for temporary alimony and other relief denied. It is undisputed that neither party has resided within this State for at least one year immediately preceding the institution of this action, as required by subdivision 1 of section 230 of the Domestic Relations Law, which is the applicable statute. As the court's jurisdiction in matrimonial actions is wholly statutory and is limited to that which is expressly conferred by statute (Langerman v. Langerman, 303 N. Y. 465, 470; Matter of Seitz v. Drogheo, 21 N Y 2d 181, 185; Adelman v. Adelman, 3 A D 2d 839), the failure to meet the statutory residence requirements for the bringing of this separation action deprived the court of jurisdiction of the subject matter of the action (Gromel v. Gromel, 22 Misc 2d 33; Pochna v. Pochna, 18 Misc 2d 413; Gargiulo v. Gargiulo, 207 Misc. 427, 429; see, also, Sacks v. Sacks, 47 Misc 2d 1050; Elwell v. Elwell, 70 Misc. 61). It is irrelevant that defendant may have appeared generally and submitted his person to the court's jurisdiction by arguing the merits of this motion. Since lack of jurisdiction of the subject matter cannot be waived, the defendant cannot be estopped to object on that ground, that objection can be raised at any time, and even the consent or agreement of the parties cannot confer on the court jurisdiction of the subject matter which it otherwise lacks (1 Carmody-Wait 2d, New York Practice, § 2:80; 21 C. J. S., Courts, §§ 108, 109; 20 Am. Jur. 2d, Courts, § 95; Revona Realty Co. v. Wasserman, 4 A D 2d 444, 447; Kingston v. Kingston, 283 App. Div. 355, 357; Kalfus v. Anderson, 186 Misc. 110, 113, affd. 270 App. Div. 888; Matter of Esser, 38 Misc 2d 963; Solomon v. Kennedy, 38 Misc 2d 1090; Pochna v. Pochna, supra; Lang v. Merchants Mut. Cas. Co., 203 Misc. 258, 260). Lacking jurisdiction of the subject matter of this action, Special Term had no power to make the appealed-from order. Rabin, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.

■ PHILIP HUBERFELD, Appellant, v. MOORE BROS. WHOLESALE MEATS, INC. et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Kings County, dated December 10, 1969, as, on reconsideration, adhered to the previous determination denying his application for a general preference in trial. Order reversed, with $10 costs and disbursements, and application granted. Under the facts disclosed in this record, we are of the opinion that it was an improvident exercise of discretion to deny the application. Christ, P. J., Hopkins, Kleinfeld and Brennan, JJ., concur; Benjamin, J., dissents and votes to affirm the order insofar as appealed from.