Louis B. Heller, J.
In this action for divorce by the plaintiff wife, the defendant husband moves to dismiss the complaint on the ground that the court does not have jurisdiction of the subject matter of the action for failure to meet the residency requirements of section 230 of the Domestic Relations Law. The defendant alleges that he is a citizen of Jamaica and that he is employed by the Alcan Jamaica, Ltd. Co. He states that he has been a student at the Polytechnic Institute of New York, under a scholarship grant from his employer, since September of 1975 and that he is here on a student visa which expires August 4, 1976. He also alleges that his wife, the plaintiff, and their six-year-old child arrived in this country on a tourist visa on December 31, 1975, and that the said visa was extended to August 4, 1976. It is his *727 contention that both he and the plaintiff are domiciliaries of Jamaica and that neither was a resident of the State of New York at the time of the commencement of this action.
A court’s jurisdiction in matrimonial actions is wholly statutory and is limited to that which is expressly conferred by statute (Langerman v Langerman, 303 NY 465; Eckert v Eckert, 34 AD2d 684). Consequently, the failure to meet the statutory residence requirements for the bringing of the action deprives the court of jurisdiction of the subject matter of the action (Eckert v Eckert, supra; Cocron v Cocron, 84 Misc 2d 335, 341).
Section 230 of the Domestic Relations Law provides that a matrimonial action can be maintained only when any one of its five alternative residency requirements have been fulfilled. It is claimed by the plaintiff that she can maintain her action under subdivision 4 of section 230 of the Domestic Relations Law, which reads as follows: "An action * * * for divorce * * * may be maintained only when: * * * 4. The cause occurred in the state and both parties are residents thereof at the time of the commencement of the action”.
In opposition to the motion, the plaintiff does not deny the defendant’s contention that she came to this country on a tourist visa on December 31, 1975, and that this visa expires on August 4, 1976. However, she argues that she was actually dwelling in this State at the time the action was commenced, and that no more was needed to satisfy her residency requirements, under subdivision 4 of section 230 of the Domestic Relations Law. In making her argument, the plaintiff completely overlooks that under subdivision 4 of section 230, both parties must be residents of the State at the time of the commencement of the action.
The term "residence”, as used in the various provisions in the Domestic Relations Law, relating to the residency requirements for divorce actions, has been construed to be synonymous with the term "domicile”; thus, the requirement of residence is not satisfied by the mere bodily presence of the parties within the State, no matter for how long a period (Usher v Usher, 41 AD2d 368, 370). In the case of Cocron v Cocron (84 Misc 2d 335, 342, supra), this court held that for the purpose of section 230 of the Domestic Relations Law, "the word 'resident’ shall have the meaning previously ascribed to it, i.e. domicile.”
The defendant has stated that he came here from Jamaica *728 on a student visa, attending school on a scholarship grant from his employer. He also states that he is a citizen and a domiciliary of Jamaica.
There is a presumption in the law that a domicile, once fixed, is retained until a new one is actually required (Dupuy v Wurtz, 53 NY 556, 562; Matter of Newcomb, 192 NY 238, 250; Smith v Smith, 29 NYS2d 469, 475).
The plaintiff alleges that "the parties were residents and domiciliaries at the time the acts were committed and at the time that the action was commenced.” This bare and conclusory allegation is unsupported by any facts. The argument that the defendant conceded his intention to make this State his domicile when on June 3, 1976 he commenced a habeas corpus proceeding for the custody of his child, is wholly without merit. The law is well stated in the case of Finlay v Finlay (240 NY 429, 431) as follows: "The jurisdiction of a State to regulate the custody of infants found within its territory does not depend upon the domicile of the parents.”
There are no facts in the record before the court from which it may reasonably be inferred that the domicile of either party has been changed from Jamaica to this State. Before a domicile is changed it must appear that there is an intention to abandon the existing one. The general rule is that bare allegations are insufficient to create a genuine issue of fact (Shaw v Time-Life Records, 38 NY2d 201, 207). Clearly, on the issue of the defendant’s domicile at the time of the commencement of the action, the plaintiff has not established the existence of material facts of sufficient import to create a triable issue.
Accordingly, the court does not have jurisdiction of the subject matter of the action. The complaint is dismissed. The application for counsel fees to plaintiff is denied.