Memorandum. The commencement of this action fully satisfied the requirements of subdivision a of section 232 of the Domestic Relations Law regarding service of a summons in a matrimonial action for a separation. Admittedly, the trial court could not properly award the plaintiff wife a divorce where the notice indorsed on the summons stated that the relief sought was "[a] judgment of separation in favor of the plaintiff, separating the parties from bed and board, and for alimony, child support and counsel fees.” Nevertheless, the court was empowered, in its discretion, to amend the judgment, nunc pro tunc, so as to award the plaintiff a separation, rather than a divorce decree. (CPLR 5019, subd [a].) Such corrective action created a judgment which, as is required by the Domestic Relations Law, was of the same nature as was indicated in the summons served personally upon the defendant within the State.
*858 It should also be noted that, although defendant husband obtained, subsequent to the granting of the New York decree, a final ex parte decree of divorce in California dissolving the marriage of the parties, this State may not be required to give full faith and credit to the decree insofar as the wife’s property rights are concerned. (Estin v Estin, 296 NY 308, affd 334 US 541; see, also, 16 NY Jur, Rev, Domestic Relations, § 977, at pp 588-589.)
Accordingly, the order of the Appellate Division should be reversed, with costs, and the case remitted to the Appellate Division for consideration of the issues on the merits.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, and the case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.