■ GENEVIEVE JANOWSKI, Respondent, v CHESTER E. JANOWSKI, Appellant.—Judgment unanimously modified, in accordance with memorandum and as modified, affirmed, without costs. Memorandum: The defendant appeals from a judgment of divorce granted to plaintiff upon the ground of cruel and inhuman treatment, and directing defendant to pay alimony of $300 per month. The defendant contends in his answer that plaintiff's action is barred because of a prior Florida divorce decree which was granted to the defendant. The trial court improperly granted a judgment of divorce to plaintiff. Even though the plaintiff was not personally served with process in the Florida action, the Florida judgment of divorce was entitled to full faith and credit in this State *(Williams v North Carolina,* 317 US 287). While the plaintiff alleges that the defendant was not a bona fide resident of Florida when he sought the Florida divorce, the evidence to the contrary is overwhelming. The judgment in the Florida divorce action, however, awards no alimony to plaintiff. Any attempt by a foreign State to affect adversely the rights of plaintiff to alimony, absent in personam jurisdiction, is not entitled to full faith and credit and is ineffectual *(Vanderbilt v Vanderbilt,* 1 NY2d 342; *Browne v Browne,* 53 AD2d 134). The doctrine of "divisible divorce" is firmly established in New York law *(Estin v Estin,* 296 NY 308, affd 334 US

541). While the Florida divorce decree dissolved the marriage between the parties, it is nonetheless "completely ineffectual to alter * * * [the] economic incidents of that marriage" (*Lynn v Lynn,* 302 NY 193, 201, cert den 342 US 849). Thus, while the trial court should have denied the divorce to plaintiff by reason of the prior Florida divorce decree, it had the power to award alimony to plaintiff (Domestic Relations Law, § 236). In that regard, however, the court erroneously noted in its oral decision at the conclusion of the testimony that it did "not have sufficient evidence to declare a proper amount [of alimony] at this time" and directed that plaintiff file a post-trial affidavit of her "current expenses". After receiving plaintiff's affidavit, which alleged a need of approximately $660 per month, the court directed that the defendant pay to plaintiff the sum of $300 per month. In receiving this ex parte document the court deprived the defendant of his right of confrontation and cross-examination. Such a denial of due process is clearly error. But we will not reverse on that ground because, in our view, however, the record amply supports the award of $300 per month without consideration of the ex parte affidavit. (Appeal from judgment of Oneida Supreme Court—divorce.) Present—Moule, J. P., Cardamone, Dillon, Goldman and Witmer, JJ.