■ DONALD F. OTTEN, Respondent-Appellant, v MARY L. OTTEN, Appellant-Respondent.—In an action for a separation (1) the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Richmond County, dated November 16, 1977, as granted the plaintiff husband a divorce and awarded the plaintiff custody of the minor children of the marriage and exclusive possession of the marital premises and (2) plaintiff cross-appeals from so much of the same judgment as awarded the defendant a counsel fee in the sum of $1,500. Judgment modified, on the law and the facts, by (1) deleting the first decretal paragraph thereof and substituting therefor a provision awarding plaintiff a judgment of separation against the defendant by reason of the cruel and inhuman treatment of the plaintiff by the defendant and (2) reducing the counsel fee awarded to defendant in the third decretal paragraph thereof to $500. As so modified, judgment affirmed, insofar as appealed from, without costs or disbursements, and action remanded to Special Term for the entry of an appropriate amended judgment consistent herewith. The parties were married on September 3, 1948 and had five children during the lifetime of the marriage. The two youngest children are still minors. Marital difficulties arose and the husband commenced the instant action in the Supreme Court, Richmond County, by service of a summons bearing the notation, "Action for a Separation". Shortly thereafter, the husband served a verified complaint which demanded neither a divorce nor a separation, but prayed for "relief as to this Court may seem just and proper." The trial was held on September 7, 1977, by which time, the husband asserts, "It was no longer the desire or wish of either [party] to seek a separation, but rather a divorce". Unfortunately, no procedural steps were taken to effectuate the wishes of the parties and convert the separation action into a divorce action. Indeed, it is undisputed that the parties neither entered into a stipulation, nor moved to amend the pleadings due to what the husband terms an "oversight". Nevertheless, the trial court, *inter alia,* awarded the husband a judgment of *divorce* predicated upon the wife's acts of cruelty. This we hold was error. That part of the judgment that dissolves the marriage is founded on an error of law and the judgment must be modified to one of separation. Since the husband commenced an action for separation and subsequently failed to alter the nature of the action to that of divorce, the trial court lacked jurisdiction to grant the husband a judgment of divorce (see *Fishman v Fishman,* 42 NY2d 856, 857). The judgment, however, will be recognized *nunc pro tunc* for what it should have been in the first place, i.e., a judgment of separation (see CPLR 5019, subd [a]; *Fishman v Fishman, supra;* cf. *Phoenix Mut. Life Ins. Co. v Conway,* 11 NY2d 367, 370). Both the preamble and the conclusions of law in the amended judgment to be entered herein should conform to that of a judgment of separation. The award of counsel fees to defendant was excessive to the extent indicated herein. We have considered the other contentions of both parties and find them to be without merit. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.