## (December 15, 1978)

■ In the Matter of DAVID E. HAZELL, Respondent, v CAROL A. HAZELL, Appellant.—Order unanimously modified, and, as modified, affirmed, with costs to appellant, in accordance with the following memorandum: Petitioner husband made application for modification of an order requiring him to pay $50 weekly alimony to respondent, his former wife, and to pay $40 weekly for the support of each of his children. He requested that the provision for alimony be deleted and that the support payments be reduced to $25 per week for each child. The court conducted a hearing, at which it was established that petitioner has remarried and has an annual income of about $5,000 more than when the order sought to be modified was made, and that respondent, who at the time of said order was without income and was a full-time student, is now employed and earning approximately $12,800 per year. Upon that evidence the court denied the application to reduce the weekly support payments for the children and ordered petitioner to con-

tinue to pay $120 weekly therefor; that the $50 per week alimony be deleted retroactive to the date of the petition, to wit, March 24, 1977, and that the $2,000 of alimony paid by petitioner since the date of the petition be recouped by him by withholding $100 per month for 20 months from his weekly payments for the support of the children; and the court denied the wife's application for counsel fees in opposing the petition. We find no abuse of discretion in the order of the court deleting the alimony (see Domestic Relations Law, § 236). Similarly, we find no reason to interfere with the court's determination to make the deletion of alimony retroactive to the date on which the petition was filed, to wit, March 24, 1977. We think, however, that it was an abuse of discretion for the court to charge the children $2,000 for petitioner's overpayment of alimony by authorizing petitioner to withhold $100 per month for 20 months from his weekly support payments for the children. That provision of the order is, therefore, reversed without prejudice to petitioner renewing his application to Family Court for some proper method of recouping said $2,000, upon a showing that respondent has the means of providing such recoupment without endangering the welfare of the children. With respect to respondent wife's application for counsel fees, we think that the court did not abuse its discretion in denying such fees for services to the wife in resisting the request for deletion of alimony but the court did abuse its discretion in denying counsel fees to the wife for resisting the application to reduce the payments for support for the children. That provision of the order is, therefore, reversed and the matter is remitted to Family Court to award respondent reasonable counsel fees for resisting petitioner's application for reduction of support payments for the children. (Appeal from order of Monroe County Family Court—support.) Present—Marsh, P. J., Moule, Simons, Schnepp and Witmer, JJ.