■ MAJORIE C. ZALESKI, Appellant-Respondent, v GEORGE E. COMBES, Respondent-Appellant. — In a matrimonial action in which the plaintiff wife was granted a divorce, the parties cross-appeal from an order of the Supreme Court, Nassau County (Pittoni, J.), entered July 28, 1980, which, after a hearing, modified the alimony provision of the judgment downward to $30 per week and directed defendant to pay plaintiff $750 for her counsel fees. Order modified, on the law, by deleting therefrom the first decretal paragraph and substituting therefor a provision modifying the divorce decree so as to delete the requirement that defendant make any further alimony payments. As so modified, order affirmed, without costs or disbursements. The parties, both in their late thirties at the time of the hearing, were married in August, 1971 and divorced in June, 1974. There were no children. Plaintiff wife was granted the divorce on the ground of cruel and inhuman treatment, and the judgment directed defendant to pay her alimony of $100 per week and $1,000 for counsel fees. Subsequent to an enforcement proceeding, upon which an order was entered directing defendant to pay plaintiff $5,000, the parties stipulated (and a further order was entered thereon) that the alimony would be reduced to $50 per week until $3,490 in arrears was paid, at the rate of $15 a week, for a total weekly payment of $65. When the arrears were paid, the alimony would increase to $55 weekly. Evidently the arrears have been paid. Defendant then moved for an elimination of alimony on the grounds that plaintiff is now employed, whereas she was not at the time of the divorce, and that he has remarried and his wife was expecting their first child. The alimony payments should be eliminated. Although a husband's remarriage and support obligations to children of the remarriage "are not such circumstances as would warrant a reduction in [prior] support provisions, where the husband's income remains unchanged" (*Matter of Windwer v Windwer,* 39 AD2d 927, 928, affd 33 NY2d 599), the essential consideration in the circumstances of the present case is the change in plaintiff's financial condition, not the remarriage of defendant. At the time of the divorce in 1974, when plaintiff was awarded alimony of $100 per week, she was not working. Neither was she working at the time of the stipulation to reduce the alimony. Defendant was earning (in 1975, at the time of the stipulation) $258 gross weekly; at the present time he is earning $280 gross weekly, for net weekly earnings of $214. Since July, 1976, however, plaintiff has been employed and has net weekly earnings of $123. Although this is not a large sum, it is more than the amount of alimony that was ordered when plaintiff had no means of support other than the alimony. In these circumstances, the alimony may be eliminated (see *Matter of Hazell v Hazell,* 66 AD2d 986, mot for lv to app dsmd 46 NY2d 940). As to the remaining contentions, the counsel fee is not grossly inadequate (and results in each party paying one half of plaintiff's counsel fees), nor was it improper for the Judge to refuse to disqualify himself (see, e.g., *United State ex rel. Monty v McQuillan,* 385 F Supp 1308, 1311, affd 516 F2d 897). Damiani, Gibbons and Thompson, JJ., concur.

Mollen, P. J., dissents in part and concurs in part, with the following memorandum: Special Term held a hearing, heard the testimony, observed the witnesses and concluded that a modification in alimony from $50 per week to $30 per week was appropriate. The evidence supports this determination. I find no abuse of discretion and would affirm the order under review in its entirety.