■ SHERYL R. FRANTZ, Respondent, v STEPHEN C. FRANTZ, Appellant. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered March 19, 1982 in Rensselaer County, which (1) denied defendant's motion for summary judgment dismissing the complaint, except the clause requesting court costs and counsel fees, and (2) granted plaintiff's motion for summary judgment dismissing the first, second and third affirmative defenses contained in defendant's answer. At issue here is the effect of a California divorce decree, obtained by plaintiff without personal jurisdiction over defendant, when plaintiff thereafter commences an action in New York seeking, in part, to obtain relief greater than that granted in the decree and defendant, instead of contesting the validity of that decree, asserts the decree as a bar to plaintiff's relitigation of issues finally disposed of by the decree. We hold that plaintiff is estopped from relitigating those issues. Plaintiff, while residing in California with the parties' children, commenced an action for divorce in California in August, 1980. Defendant was personally served in New York, but never appeared in the California action. In April, 1981, a final judgment of divorce was entered which dissolved the marriage, awarded plaintiff custody of the children and awarded plaintiff child support, spousal support, counsel fees and court costs. Shortly thereafter, plaintiff commenced the instant action in New York seeking child support and maintenance for herself in amounts greater than those awarded in the divorce decree, and also seeking the counsel fees and court costs awarded in the decree, equitable distribution of the marital property and specific performance of an alleged oral agreement concerning support. Defendant's answer asserted as affirmative defenses that collateral estoppel barred plaintiff from relitigating the issues of maintenance and child support, that the alleged oral agreement was void under the Statute of Frauds and that plaintiff had no equitable distribution cause of action since the parties had entered into an agreement concerning the distribution of their personal property. Defendant moved for summary judgment dismissing the complaint, and Special Term granted his motion insofar as the counsel fees and court costs awarded in the California divorce decree were concerned, but granted summary judgment to plaintiff dismissing the affirmative defenses based upon collateral estoppel and the Statute of Frauds. It is conceded that the California court lacked personal jurisdiction over defendant, and, as a general rule, this State may not be required to give full faith and credit to the decree insofar as matters requiring in personam jurisdiction are concerned (see *Fishman v Fishman,* 42 NY2d 856, 858). Thus, "it is now familiar law that a divorce decree may be completely effective to dissolve a marriage and yet completely ineffectual to alter certain legal and economic incidents of that marriage" (*Lynn v Lynn,* 302 NY 193, 200-201, cert den 342 US 849). Accordingly, while the courts of this State will give effect to that portion of a foreign divorce decree which dissolves the marriage, any provision in the foreign decree which adversely affects a spouse's right to support, absent in personam jurisdiction, is ineffectual (e.g., *Janowski v Janowski,* 58 AD2d 980). The circumstances of this case, however, are unique, for it is plaintiff wife who comes into the courts of this State seeking relief greater than that which she herself had obtained in the ex parte foreign divorce decree. Under the principles set forth above, the courts of this State would not enforce the support

provisions of the decree over defendant's objections since the California court lacked personal jurisdiction over defendant. Lack of personal jurisdiction, however, is ordinarily an affirmative defense which must be pleaded in the answer or asserted in a motion to dismiss or else it is waived (CPLR 3211, subd [e]; *Fishman v Pocono Ski Rental,* 82 AD2d 906), and the same rule should apply whether lack of personal jurisdiction is to be asserted directly or, as here, indirectly as a bar to enforcement of a foreign judgment. Defendant herein has neither asserted lack of personal jurisdiction as an affirmative defense nor moved to dismiss on that ground. On the contrary, defendant has asserted as an affirmative defense collateral estoppel based upon the foreign judgment, thereby effectively waiving any claim that the judgment is void for lack of personal jurisdiction and conceding that he will be bound by its terms. In an affidavit in support of his motion for summary judgment, defendant asserted, *inter alia,* that plaintiff could not enforce the counsel fees and court costs provision of the California decree since the California court did not have jurisdiction over him; and Special Term relied upon this inconsistency to conclude that defendant could not assert the decree as the basis for collateral estoppel. The CPLR, however, specifically authorizes the pleading of inconsistent defenses (CPLR 3014), and, in fact, plaintiff's complaint is similarly inconsistent, for she seeks to enforce the counsel fees and court costs provision of the decree while disavowing the validity of the support provisions. Although defendant cannot succeed on both a claim that plaintiff is estopped by the foreign decree and a claim that the decree is unenforceable, he may assert those claims in the alternative, and the record clearly shows that he has not abandoned his claim that the California decree is enforceable and constitutes a bar to plaintiff's causes of action for child support and maintenance. Having concluded that defendant may assert the foreign decree as the basis for a collateral estoppel defense despite the California court's lack of personal jurisdiction over him, we turn to the merits of the defense itself. In order to succeed, defendant must establish two elements: that plaintiff had a full and fair opportunity to contest the decision said to be dispositive of the present controversy and that the issue in the prior action is identical, and thus decisive, of that in issue in the current action (*Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485). Plaintiff does not contend that either of these elements is lacking here, for plainly they are present. Rather, plaintiff argues that collateral estoppel is not a bar when the relief sought is spousal or child support. The cases cited in support of this contention (e.g., *Vanderbilt v Vanderbilt,* 1 NY2d 342, affd 354 US 416; *Vose v Vose,* 280 NY 779) are distinguishable on their facts. Plaintiff's contention that the doctrine of "mutuality of estoppel" precludes collateral estoppel here is without merit, for the doctrine is now a "dead letter" (*B.R. DeWitt, Inc. v Hall,* 19 NY2d 141, 147). Having obtained an ex parte foreign divorce decree, after a full and fair opportunity to litigate the issues, plaintiff cannot now relitigate in the courts of this State those issues which were finally determined by the foreign decree.[*]
Summary judgment should, therefore, be granted to defendant dismissing the causes of action in plaintiff's complaint which seek maintenance and child support. Since defendant has waived any claim that the foreign decree is unenforceable for lack of personal jurisdiction and has effectively agreed to be bound by its terms in order to avoid relitigation of the support issues decided therein, he is also bound by the counsel fees and court costs provision. Accordingly, summary judgment should be granted to plaintiff on her cause of action seeking to enforce the counsel fees and court costs provision of the

_____

[*] We note that plaintiff's complaint does not seek modification of the support provisions of the foreign divorce decree, and it contains no allegations of changed circumstances justifying any modification.

California divorce decree. Defendant further contends that Special Term erred in denying his motion for summary judgment dismissing plaintiff's equitable distribution cause of action in view of the parties' agreement concerning the distribution of certain personal property (see Domestic Relations Law, § 236, part B). Since it is unclear, however, whether the agreement covers all marital property subject to equitable distribution, we agree with Special Term that factual issues exist requiring the denial of summary judgment to either party. Order modified, on the law, by reversing so much thereof as granted plaintiff summary judgment dismissing defendant's first and second affirmative defenses and granted defendant's motion for summary judgment dismissing paragraph 10 of the complaint and paragraph d of the complaint's "WHEREFORE" clause, and defendant's motion for summary judgment dismissing so much of plaintiff's complaint as seeks maintenance and child support granted, and summary judgment to plaintiff on paragraph 10 of her complaint and paragraph d of the complaint's "WHEREFORE" clause granted, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.