■ SUSAN B. LEVINSON, Appellant, v JEROME LEVINSON, Respondent. — In a matrimonial action, plaintiff wife appeals from an order of the Supreme Court, Westchester County (Palella, J.), entered April 15, 1983, which (1) denied her motion for a money judgment for arrears, a wage deduction order and the posting of security against the defendant husband and (2) granted so much of defendant's cross motion as requested a hearing on the issue of downward modification of his alimony payments. Leave to appeal from so much of the order as directed a hearing is granted by Justice Mangano (see *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). Order modified, on the law and in the interest of justice, by deleting the provision denying plaintiff's motion, and substituting therefor a provision granting so much of plaintiff's motion as

sought a judgment for arrears in the amount of $900 and a wage deduction order. As so modified, order affirmed, without costs or disbursements. After a marriage of about 20 years, plaintiff wife brought an action for divorce upon the ground of cruel and inhuman treatment. Defendant husband counterclaimed for divorce, also on the ground of cruel and inhuman treatment. At the trial of the action, plaintiff withdrew her complaint, and defendant testified in support of his counterclaim. Testimony was also taken on the issues of child support and alimony. By decision dated September 11, 1975, the Supreme Court, Westchester County (Burchell, J.), (1) found sufficient evidence to warrant "a finding that the plaintiff has been guilty of cruel and inhuman treatment toward the defendant", (2) found an implied agreement between the parties wherein plaintiff had agreed to withdraw her complaint while defendant had agreed to waive the defense of the wife's misconduct to her claim of alimony under former section 236 of the Domestic Relations Law (now Domestic Relations Law, § 236, part A), and (3) awarded plaintiff, *inter alia,* the sum of $250 per week as alimony. Thereupon, plaintiff moved to set aside the decision, but the court denied the motion and granted a judgment of divorce in favor of defendant, which granted plaintiff alimony in the amount of $250 per week. Plaintiff appealed from the order denying the motion and from the judgment. Prior to perfecting the appeals, and after several conferences with Justice Gittelson, a retired Justice of the Supreme Court, assigned to conferencing cases, the parties arrived at a stipulation settling the appeals. The stipulation provided, *inter alia,* that: "2. The parties herein agree that the Judgment of Divorce * * * shall be modified to incorporate the following terms and provisos: * * * b. That upon the signing of the instant Stipulation and continuing weekly thereafter [defendant] shall pay to [plaintiff] the sum of $300.00 per week as and for her support * * * 7. The parties further agree that the terms and provisos of the instant Stipulation shall not be merged in the Judgment of Divorce as modified herein, that the terms and provisos of the instant Stipulation shall be incorporated by reference only, and shall survive, and shall be henceforth binding upon each of the parties herein. 8. That an Order, containing the terms and provisos of the instant Stipulation may be entered, without further notice, to either party herein". Both parties agree that such an order was never entered. It is undisputed that with the exception of three intervals, at which time court orders were obtained, defendant paid the weekly alimony of $300 as per the stipulation. After defendant refused to make any further payments, plaintiff moved for, *inter alia,* a judgment for arrears and a wage deduction order. Defendant cross-moved for downward modification of alimony and a hearing. The Supreme Court denied plaintiff's motion for relief on the ground that no order — the statutory precondition for relief under sections 243 and 244 of the Domestic Relations Law and section 49-b of the Personal Property Law — had been entered on the parties' stipulation modifying the judgment of divorce. We hold that the court should have entered such an order *nunc pro tunc* pursuant to CPLR 2001 by which "the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just". It is clear from the words of the stipulation that the parties intended for the stipulation to modify the judgment of divorce and for an order to be entered on the stipulation. Thus, the failure to enter the order appears to be "a mistake, omission, defect or irregularity to be corrected". Nor can defendant claim that a substantial right of his will be prejudiced by the correction of this omission when he has reaped other benefits of the stipulation — withdrawal of the appeals, to name but one. Furthermore, with the exception of three intervals, he has paid alimony of $300 weekly, thus acknowledging his obligations under the stipulation. With that defect corrected, plaintiff is entitled to the entry of judgment for arrears in the amount of

$900 pursuant to section 244 of the Domestic Relations Law. Similarly, she is entitled to a wage deduction order pursuant to section 49-b of the Personal Property Law since it is undisputed that defendant was at least three payments in arrears. We are of the view that the Supreme Court was correct to deny plaintiff's application for a posting of security in view of the relatively small amount of arrears (see *Rubin v Rubin*, 60 AD2d 819). Further, the Supreme Court properly granted defendant a hearing on the issue of downward modification of alimony payments since defendant made the requisite showing, by affidavit, of a possible change of circumstances (see *Matter of Hazell v Hazell*, 66 AD2d 986; *Hickland v Hickland*, 56 AD2d 978). In this regard, we note that plaintiff submitted no personal affidavit denying allegations of her increased financial status, nor did she submit any financial statement. Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.