■ VICTORIA M. LANGDON, Respondent, v ROBERT E. MOHR, Appellant. — Order and judgment (one paper), Supreme Court, New York County (Jerome W. Marks, J.), entered January 18, 1983, which confirmed the report of the special referee and awarded judgment in favor of petitioner Victoria Mohr Langdon in the sum of $33,836.67, together with interest thereon, representing support for the parties' daughter in the sum of $1,500, support for the parties' son in the sum of $23,275, reimbursement of medical expenses in the sum of $9,016.67, and awarded petitioner $5,000 for counsel fees, is unanimously reversed, on the law, without costs, the judgment vacated and the petition dismissed. ¶ In a proceeding purportedly brought pursuant to subdivision (b) of section 461 of the Family Court Act, petitioner seeks to enforce and modify the child support provisions believed to have been incorporated in a judgment of divorce obtained by petitioner, in the Republic of Mexico on April 21, 1967. ¶ Respondent-appellant sought dismissal of the petition on the ground, *inter alia,* that the court lacked subject matter jurisdiction. Nevertheless, apparently believing that "[t]he Mexican divorce judgment incorporated the terms of the parties' separation agreement, which did not merge therein", Special Term referred the issues of child support and reimbursement of medical expenses to a referee to hear and report. In his initial report, the referee found that the Mexican judgment did not provide for the incorporation by reference of the separation agreement and did not contain any provision for the payment of child support. The referee was of the opinion that appellant was not estopped from raising this defense. However, because the support provisions were omitted from the judgment, he did not address the merits of petitioner's claims but suggested alternative bases upon which the proceeding could go forward. The court rejected the referee's conclusion that appellant was not estopped to raise the lack of subject matter jurisdiction defense and held that it clearly was the intention of the parties that the separation provisions should be incorporated in the decree. The court observed that no issue in

respect to that omission had been raised in the prior litigation between the parties and that "[i]t would be an injustice if at this juncture petitioner's claims [were] not decided on the merits." Accordingly, the matter was sent back to the referee with a direction that findings and recommendations be made concerning the merits of petitioner-respondent's claims. The referee's second report made those findings and was confirmed. The order entered thereon is the subject of this appeal. ¶ In the absence of a provision in the Mexican divorce decree requiring child support, the court lacked jurisdiction to entertain the instant petition. "[T]he court's jurisdiction in matrimonial actions is wholly statutory and is limited to that which is expressly conferred by statute" (*Eckert v Eckert,* 34 AD2d 684; *Kingston v Kingston,* 283 App Div 355, 357; *Langerman v Langerman,* 303 NY 465, 470). Subdivision (b) of section 461 of the Family Court Act provides that "If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may (i) entertain an application to enforce the order requiring support". Subdivision (c) of section 466 similarly provides that "if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting alimony, maintenance or support * * * the family court may (i) entertain an application to enforce the order or decree granting alimony or maintenance". The Supreme Court is deemed to have concurrent jurisdiction in this "new class of proceeding" pursuant to section 7 of article VI of the New York State Constitution (see *Matter of Seitz v Drogheo,* 21 NY2d 181; *Wertheimer v Wertheimer,* 50 AD2d 879). "However, the authority to enforce or modify is limited to cases where there is a currently effective support or alimony provision (*Matter of Silver v Silver,* 36 NY2d 324; *Wertheimer v Wertheimer, supra*)" (*Beaverson v Beaverson,* 72 AD2d 963, 964). ¶ Special Term erred in concluding that respondent-appellant was estopped to raise the lack of subject matter jurisdiction defense based on the failure to incorporate the child support provisions of the separation agreement in the Mexican decree. "Since lack of jurisdiction of the subject matter cannot be waived, the defendant cannot be estopped on that ground, that objection can be raised at any time, and even the consent or agreement of the parties cannot confer on the court jurisdiction of the subject matter which it otherwise lacks" (*Eckert v Eckert, supra*). ¶ Reliance by petitioner-respondent upon *Santamaria v Santamaria* (74 Misc 2d 657) and *Levinson v Levinson* (97 AD2d 458) is misplaced. In both cases there were stipulations made in court which modified the prior decrees. In *Santamaria,* a stipulation was entered into to correct an omission in the Mexican decree and an order of the Supreme Court effecting that stipulation was signed. In *Levinson,* a postjudgment stipulation was entered into withdrawing and settling an appeal from the judgment of divorce and providing for an upward modification of the alimony award. Although the stipulation provided for entry of an order embodying its terms, no order was entered. Nevertheless, the defendant substantially complied with the terms of the stipulation and the court permitted entry of the order *nunc pro tunc* pursuant to CPLR 2001. Here there has been no such postdecree stipulation, nor any indication of conduct by respondent-appellant that would constitute a waiver of the jurisdictional defect. ¶ Finally, it should be noted that by the time of the commencement of this proceeding, defendant was no longer obligated to support the children of the marriage because they had attained their 21st birthdays. Concur — Murphy, P. J., Kupferman, Bloom, Kassal and Alexander, JJ.