■ In the Matter of MARY J. RAUSS, Respondent, v GARY JOHNSON, Appellant. [662 NYS2d 946] —Carpinello, J. Appeal from an order of the Family Court of Broome County (Hester, Jr., J.), entered July 16, 1996, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to find respondent in willful violation of a prior order of support.

Pursuant to a May 1989 Broome County Family Court order, respondent was directed to pay petitioner $25 weekly for the support of their daughter, as well as $5 weekly for child support arrears. A July 1989 "Separation and Property Settlement Agreement" executed in Virginia incorporated these payments and expressly provided that the amount of child support payable under the separation agreement "shall be increased or decreased in accordance with the Broome County Family Court Order entered on May 26, 1989". The parties' Virginia judgment of divorce incorporated, but did not merge with, this agreement.

As of May 1991, respondent owed $475 in arrears which he was ordered to pay by June 15, 1991. In June 1991 and August 1991, respectively, petitioner and the Broome County Support Collection Unit filed violation petitions against respondent for his willful failure to pay the ordered child support and child support arrears. In April 1992, petitioner sought modification of child support based on the increased needs of the child. Significantly, respondent responded to none of these petitions, having absconded to Florida without providing petitioner or Family Court with his current address. Upon learning of his daughter's adoption by petitioner's new husband, respondent resurfaced and petitioned to terminate child support.

A hearing ensued on all four petitions. Although the Hearing Examiner found that respondent's child support obligation

terminated upon his daughter's adoption, respondent was found to be in willful violation of the May 1991 order and accordingly ordered to pay $6,478.26 in arrears. The Hearing Examiner further determined that petitioner was entitled to modification of child support due to the increased child care expenses of the child and accordingly ordered respondent to pay $5,318.88 in arrears. Respondent's written objections to the Hearing Examiner's decision were denied by Family Court, prompting this appeal.

Respondent contends that petitioner is precluded from "relitigating" the issue of child support in Broome County. While we agree with the general proposition that issues litigated and finally determined in a foreign divorce decree cannot be relitigated in this State (see, Frantz v Frantz, 92 AD2d 950), such is not the case here. Petitioner did not attempt to relitigate any issue decided in a prior action; rather, she simply sought modification of the May 1989 child support award based upon the child's increased child care expenses. Notably, respondent does not argue that petitioner failed to show the requisite change in circumstances warranting modification of the child support award and, therefore, we need not address that issue.

Equally unavailing is respondent's argument that the Hearing Examiner erred in refusing to allow him to invoke his 5th Amendment privilege against self-incrimination. In our view, respondent did not properly invoke the privilege. Although the Hearing Examiner ruled that respondent could be called as a witness, he specifically noted that respondent's counsel could instruct respondent not to answer at any time. Significantly, respondent's counsel never directed respondent not to answer any question. Moreover, respondent himself never refused to answer any question posed to him, particularly those questions which he could have reasonably believed might result in self-incrimination (see, Matter of La Chance v New York State Racing & Wagering Bd., 118 AD2d 262). Having failed to properly assert the privilege, respondent has waived any protection afforded thereunder (see generally, Chase Manhattan Bank v Federal Chandros, 148 AD2d 567, 568).

Also unavailing is respondent's argument that the Hearing Examiner erred in advising him that his failure to testify would be at his own risk. It is beyond cavil that an inference may be drawn against a witness in a civil proceeding because of his or her failure to testify, even where a constitutional privilege is invoked (see, Matter of Commissioner of Social Servs. [Patricia A.] v Philip De G., 59 NY2d 137, 141; Marine Midland Bank v Russo Produce Co., 50 NY2d 31, 42; Kuriansky v Bed-Stuy

*Health Care Corp.*, 135 AD2d 160, 177-178, *affd* 73 NY2d 875). Because an unfavorable inference could have been drawn against respondent had he asserted his 5th Amendment privilege, it can hardly be deemed an error for the Hearing Examiner to warn respondent of this point (*see, Matter of Gladys H.*, 235 AD2d 841, 842-843).

As a final matter, while this Court strongly disfavors parents, like respondent, who fail to pay court-ordered child support despite the financial ability to do so, a parent cannot be compelled to pay child support arrears twice (*see, e.g., Sementilli v Sementilli*, 102 AD2d 78, 85). Subsequent to the hearing in this matter, a judgment of conviction was entered against respondent in the US District Court for the Eastern District of Virginia convicting him of failing to pay child support and ordering him to pay petitioner $6,813.90 in restitution for child support arrears. Respondent claims that Family Court erred in refusing to consider this evidence in its review of the Hearing Examiner's decision.

If respondent had paid this restitution to petitioner pursuant to the Federal judgment, we might agree with respondent's argument since such payment would also satisfy the child support arrearage obligations ordered in this matter. Other than noting the existence of this judgment against him, however, respondent has not proven that he actually *paid* the restitution to petitioner. Under these circumstances, the court did not err in affirming the Hearing Examiner's decision in its entirety, including that portion which ordered child support arrears.

Crew III, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.