■ JAMES O'HALLORAN et al., Plaintiffs, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. THE HALCYON CONSTRUCTION CORP., Third-Party Defendant-Appellant. [911 NYS2d 333]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered March 8, 2010, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Plaintiffs and their insurer, Greenwich Insurance Company, commenced the underlying action, alleging that the City, its agents and employees, were negligent in the repair of a sewer line, causing plaintiffs' property to be "inundated with sewage," and resulting in damages of $84,030.97. The City subsequently commenced the subject third-party action for indemnification and contribution against Halcyon, alleging that it was negligent in its repair of plaintiffs' property.

The proponent of summary judgment must establish its defense or cause of action sufficiently to warrant a court's directing judgment in its favor as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). If this burden is not met, summary judgment must be denied, regardless of the sufficiency of the opposition papers (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The evidence submitted by Halcyon, specifically, inspection reports, the affidavit of its supervisor, and the deposition testimony of its foreman and a city inspector, fails to affirmatively establish that it did not cause or contribute to the flooding and/or sewage inundation at plaintiffs' property, and thus, its motion was properly denied without consideration of the City's opposition. Even if Halcyon had established its prima facie case, the motion was nonetheless properly denied, as plaintiff's testimony that he personally witnessed the secondary collapse and heard water after the backhoe began "aggressively" and that he heard unnamed employees of Halcyon tell their supervisor, "All right, we broke his pipe," created triable issues of fact. Contrary to Halcyon's contention, hearsay evidence may be considered to defeat a motion for summary judgment as long as it is not the only evidence submitted in opposition (*see Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525 [2010]). Concur—Tom, J.P., Andrias, Nardelli, Acosta and DeGrasse, JJ.