In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Luft, J.), dated March 11, 2013, which, upon finding that the State of North Carolina was the more appropriate forum to determine any custody and visitation matters, dismissed the petition.
Ordered that the order is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings pursuant to Domestic Relations Law § 76-f (3), including entry of an order staying all proceedings on condition that a child custody proceeding is promptly commenced in North Carolina.
Based on the record before us, we agree with the Family Court that North Carolina is the more appropriate and convenient forum. As the Family Court correctly noted, the subject child has been living in North Carolina since at least October 2012, *1061 and any evidence as to his care, well-being, and personal relationships is more readily available in North Carolina (see Matter of Balde v Barry, 108 AD3d 622, 623 [2013]; Matter of Hassan v Silva, 100 AD3d 753, 755 [2012]). The other statutory factors listed in Domestic Relations Law § 76-f (2) also were considered by the Family Court, and the court correctly concluded that, based on all of the information in the record, the factors weighed in favor of North Carolina as the more convenient forum.
However, Domestic Relations Law § 76-f (3) specifies that “[i]f a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state.” Accordingly, the Family Court erred in dismissing the petition, and we remit the matter to the Family Court, Suffolk County, for further proceedings pursuant to Domestic Relations Law § 76-f (3), including the entry of an order staying all proceedings in the above-entitled proceeding on condition that a child custody proceeding is promptly commenced in North Carolina.
Skelos, J.E, Balkin, Hall and Maltese, JJ., concur.