■ In the Matter of ERIC R., Appellant, v CELENA P., Respondent. [994 NYS2d 340]—

Order, Family Court, Bronx County (Paul A. Goetz, J.), entered on or about July 15, 2013, which, after a fact-finding hearing, declined to exercise jurisdiction over the visitation petition, and stayed dismissal of the petition on condition, inter alia, that petitioner-appellant commence a visitation proceeding

in Ohio, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about September 6, 2013, dismissing the aforementioned petition upon the appellant's default, unanimously dismissed, without costs, as taken from a nonappealable order. Appeal from order, same court and Judge, entered on or about March 12, 2013, which denied the motion to dismiss the aforementioned petition pending the factfinding hearing, unanimously dismissed, without costs, as not appealable as of right (Family Ct Act § 1112), and as academic.

Application by petitioner-appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with petitioner-appellant's assigned counsel that there are no nonfrivolous issues which could be raised on this appeal. The Family Court did not abuse its discretion in determining that it would decline jurisdiction on the grounds that Ohio is the more appropriate forum to decide whether petitioner should have visitation with the subject children. The record demonstrates, among other things, that appellant has had virtually no contact with the children since September 2008, over three years before the children and their mother moved to Ohio, and that the evidence as to the children's care, well-being, and personal relationships is more readily available in that state (*see Matter of McCarthy v Brittingham-Bank*, 117 AD3d 1060, 1060-1061 [2d Dept 2014]; Domestic Relations Law § 76-f [1]). Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.