In the Matter of RENALDO R., Appellant, v CHANICE R., Respondent. [16 NYS3d 544]—

Order, Family Court, New York County (Fiordaliza A. Rodriguez, Referee), entered on or about May 28, 2014, which, after a fact-finding hearing, dismissed the custody petition for lack of jurisdiction, and vacated the stay of the petition granted April 21, 2014, unanimously affirmed, without costs.

The Referee properly determined that New York State lacks subject matter jurisdiction to decide the custody petition, since petitioner failed to show that the children had been living in this State for at least six consecutive months immediately before the commencement of the proceeding or that a New York

court had previously made a custody determination as to the children (*see* Domestic Relations Law §§ 76 [1]; 76-a [1]). The conflicting testimony about the exact date on which the children arrived in New York was an issue of fact for the Referee to resolve, and the Referee's findings are entitled to deference (*see Matter of Irene O.*, 38 NY2d 776 [1975]; *Matter of Jared S. [Monet S.]*, 78 AD3d 536 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]). The fact that the Referee issued temporary orders of custody to petitioner for educational purposes is of no moment, since the issue of subject matter jurisdiction may be raised at any time (*see Langdon v Mohr*, 99 AD2d 957 [1st Dept 1984], *affd* 64 NY2d 819 [1985]).

The Referee's determination that in any event Family Court would decline to exercise its jurisdiction because Virginia is the more appropriate forum is supported by the record, which shows that two of the children have visited New York only once in their lifetimes, in 2009, that evidence as to the children's care, well-being, and personal relationships is more readily available in Virginia, and that respondent is employed in that State and it would be unduly burdensome for her to travel with the children to New York to litigate the custody petition (*see* Domestic Relations Law § 76-f [2]; *Matter of Eric R. v Celena P.*, 121 AD3d 524 [1st Dept 2014]). Petitioner's contention that the Referee failed to provide him with notice that it would be considering the issue of inconvenient forum is unavailing, since inconvenient forum is an aspect of the jurisdictional inquiry (*see* Domestic Relations Law §§ 76 [1]; 76-f).

Petitioner's contention that the Referee violated Domestic Relations Law § 76-f (3) is belied by the record, which establishes that, after the Referee stayed these proceedings on condition that respondent promptly commence child custody proceeding in Virginia, as required by the statute, respondent commenced proceedings in that State.

Petitioner's contention that the Referee was biased against him is unpreserved and, in any event, unsupported by the record. Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.