■ In the Matter of NANCY ANASTASIA GONOS, Appellant, v EMMANUEL HADZIPETROS, Respondent. [31 NYS3d 93]—

Appeal from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), dated March 6, 2014. The order granted the respondent's motion pursuant to CPLR 3211 (a) to dismiss the petition.

Ordered that the order is affirmed, with costs.

The parties were divorced by a California judgment entered on January 11, 2007. In an order of the Superior Court of California dated November 1, 2007, the former wife was awarded a certain amount of monthly spousal support. However, an order of the same court dated March 25, 2010, in effect, terminated all spousal support. At some time after the divorce, the former husband moved to Nassau County. In September 2013, the former wife commenced this proceeding pursuant to Domestic Relations Law § 236 (B) to obtain maintenance following a foreign judgment of divorce (*see* Domestic Relations Law § 236 [B] [2] [a]). The former husband moved to dismiss the petition pursuant to CPLR 3211 (a) (2) and (5), arguing that the Supreme Court lacked subject matter jurisdiction over the matter and that the former wife was barred under the principles of res judicata from seeking spousal maintenance in New York. The Supreme Court granted the motion on the ground that it lacked subject matter jurisdiction. The former wife appeals. We affirm, albeit on different grounds.

While the statutory framework of Domestic Relations Law § 236 (B) permits a party to seek relief in the form of equitable

distribution or maintenance after obtaining a foreign divorce decree, such relief may be barred under the principles of res judicata or collateral estoppel (see O'Connell v Corcoran, 1 NY3d 179, 184 [2003]; Boronow v Boronow, 71 NY2d 284 [1988]; Braunstein v Braunstein, 114 AD2d 46, 52-53 [1985]; Frantz v Frantz, 92 AD2d 950 [1983]). "The general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action . . . from subsequently relitigating any questions that were necessarily decided therein" (Matter of Shea, 309 NY 605, 616 [1956] [emphasis omitted]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]; Matter of Reilly v Reid, 45 NY2d 24, 27 [1978]). The issue of spousal support or maintenance was fully litigated by the parties in the divorce action, and the California court specifically decided that issue. Consequently, the former wife is barred from litigating this issue in New York (see Braunstein v Braunstein, 114 AD2d at 52-53; Frantz v Frantz, 92 AD2d 950 [1983]; compare Mahoney v Mahoney, 131 AD2d 822 [1987]).

To the extent that the former wife's petition could be construed to seek modification of the California order, the Supreme Court properly concluded that it lacked the authority to modify the California order (see Matter of Silver v Silver, 36 NY2d 324, 327 [1975]; Pearson v Pearson, 108 AD2d 402, 404 [1985], affd 69 NY2d 919 [1987]; Langdon v Mohr, 99 AD2d 957 [1984], affd 64 NY2d 819 [1985]; Wertheimer v Wertheimer, 50 AD2d 879 [1975]; Beaverson v Beaverson, 72 AD2d 963 [1979]).

Accordingly, the Supreme Court properly granted the former husband's motion to dismiss the petition. Balkin, J.P., Sgroi, Duffy and Connolly, JJ., concur.