Sharon Finch, Appellant,
against
Keith Augustus, Respondent. 




Sharon Finch, appellant pro se.
Keith Augustus, respondent pro se (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered June 20, 2018. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
In this small claims action, plaintiff seeks to recover the principal sum of $5,000 from defendant, her ex-husband, to cover certain of the expenses of a residential property to which she has title. At a nonjury trial of the action, plaintiff testified that she had purchased a condominium in 2005 while she was cohabiting with defendant but prior to the parties' marriage; that the parties had subsequently married but had divorced in November 2012; and that she had been unable to cover the expenses on the condominium. Plaintiff stated that, although title to the condominium as well as the utility bills had been in her name, the parties had agreed that they would each pay half of the carrying charges on the condominium and the utility bills. She said that initially defendant had paid his share, but he had not continued to do so. Defendant testified that he had paid his share of the expenses until he moved out of the condominium. The Civil Court reviewed the parties' divorce decree, which reflected that plaintiff had been represented by counsel in the divorce proceeding, stated that the divorce had been final, and specified that no equitable relief and no equitable distribution had been requested or given. Following the trial, the Civil Court dismissed the action.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
A judgment of divorce is res judicata with respect to those issues which the parties had a [*2]full and fair opportunity to litigate in the divorce action (see Boronow v Boronow, 71 NY2d 284 [1988]; Gentile v Gentile, 172 AD3d 688, 690 [2019]; Matter of Gonos v Hadzipetros, 138 AD3d 991, 992 [2016]). Since there was no suggestion at the trial of this action that, in the divorce action, plaintiff did not have a full and fair opportunity to litigate the issue of maintenance and support, and plaintiff failed to offer proof of any agreement with defendant after the divorce judgment pursuant to which she would have been entitled to the relief she sought, we conclude that the dismissal of the action rendered substantial justice between the parties (see CCA 1804, 1807).
Accordingly, the judgment is affirmed.
WESTON, J.P., ALIOTTA and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 31, 2020