**Juchao Zhang v New York City Tr. Auth.**

2025 NY Slip Op 31585(U)

May 2, 2025

Supreme Court, New York County

Docket Number: Index No. 155574/2024

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  HON. RICHARD TSAI

                                                   *Justice*

PART 21

---

JUCHAO ZHANG,

                        Plaintiff,

              - v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY, MTA
BUS COMPANY, and JORGE D. LOPEZ,

                       Defendants.

---

| INDEX NO. | 155574/2024 |
|---|---|
| MOTION DATE | 08/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 10-18, 20-24
were read on this motion to/for               JUDGMENT - SUMMARY         .

Upon the foregoing documents, it is **ORDERED** that plaintiff's motion for partial summary judgment as to liability against defendants is **GRANTED TO THE EXTENT THAT** plaintiff is granted summary judgment in his favor as to liability against defendants New York City Transit Authority and Jorge D. Lopez, who are jointly and severally liable; and it is further

**ORDERED** that the affirmative defenses of plaintiff's culpable conduct and the emergency doctrine in defendants' answer are stricken; and it is further

**ORDERED** that plaintiff's motion is otherwise denied; and it is further

In this action involving a motor vehicle collision, plaintiff stated the following at his statutory hearing:  the incident occurred on September 28, 2023 (plaintiff's statutory hearing [NYSCEF Doc. No. 16] at 9, lines 21-24).  According to plaintiff, he was stopped at red traffic lights on 7th Avenue for three seconds prior to the incident (*id.* at 28 lines 7-9; at 30 lines 10-13; at 36 line 22 through 37 line 4). When asked to describe his stop, plaintiff said it was "[s]lowly, gradually" (*id.* at 37 line 25 through 38 line 5).  Plaintiff stated that at the time of the incident he was in his own lane (*id.* at 30 line 22 through 31 line 11; at 32 lines 16-21).

According to plaintiff, the incident involved a bus and that the "front" part of the bus caused damage to "[t]he rear part [of plaintiff's vehicle] including the bumper, including the rear part passenger side, the area above the wheel, the four glasses, lights, braking lighting, the trunk" (*id.* at 34 lines 15-17; at 38 line 19 through 39 line 7).

155574/2024   ZHANG, JUCHAO vs. THE CITY OF NEW YORK ET AL
Motion No.  001

Page 1 of 4

1 of 4

[* 1]

Plaintiff stated that the impact was "heavy" and caused his shoulder and left side of his body to hit the window and door (*id.* at 56 line 21 through 57 line 9).

In the answer of defendants New York City Transit Authority (NYCTA), Metropolitan Transportation Authority, MTA Bus Company and Jorge D Lopez (Transit Defendants), defendant NYCTA admitted it owned a bus bearing license plate number BE7940, and that defendant Jorge D Lopez, an employee of non-party Manhattan and Bronx Surface Transit Operating Authority, was operating the bus within the scope of his employment and with the permission of defendant NYCTA (*see* NYSCEF Doc. No. 9 [Transit Defendants answer] ¶ 7).

Plaintiff has met the prima facie burden of establishing Lopez's negligence and that Lopez's negligence was a substantial factor in causing his injuries.

> "It is well settled that a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle and imposes a duty on the part of the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the collision" (*Madera v Charles Hukrston Truck, Inc.*, 235 AD3d 452 [1st Dept 2025] [internal quotation marks omitted]).

As the NYCTA is the admitted owner of the vehicle operated by Lopez with the NYCTA's permission, plaintiff met his prima facie burden that the NYCTA is vicariously liable for Lopez's negligence under Vehicle and Traffic Law § 388 (*see Murdza v Zimmerman*, 99 NY2d 375, 379 [2003]).

In opposition, Transit Defendants argue plaintiff's motion is premature because the "only discovery thus far has been the pre-Complaint statutory hearing of the plaintiff conducted on February 2, 2024. No documents have yet been exchanged by any party. No witnesses on behalf of the Transit defendants have been deposed, including named bus operator, JORGE LOPEZ" (affirmation of defendants' counsel in opposition [NYSCEF Doc. No. 20] ¶ 5).

Contrary to defendants' arguments, plaintiff's motion for summary judgment is not premature, as any explanation for why Lopez rear-ended plaintiff's vehicle was already present within Lopez's own personal knowledge (*see Stephenson v New York City Tr. Auth.*, 226 AD3d 546 [1st Dept 2024]; *Ahmad v Behal*, 221 AD3d 558, 559 [1st Dept 2023]). Defendants did not submit any affidavit from Lopez in its opposition to this motion. Instead, Transit Defendants attempt to rely on statements allegedly made by Lopez to an NYCTA supervisor who allegedly attended the scene of the incident and completed an unsworn Supervisor Accident/Incident Investigation Report. These statements, as plaintiff correctly claims in their reply, are hearsay and Transit Defendants made no argument in their affirmation in opposition that they fall within any exception to the hearsay rule (affirmation in reply [NYSCEF Doc. No. 22] ¶9). "[H]earsay evidence may be considered to defeat a motion for summary judgment as

**155574/2024   ZHANG, JUCHAO vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 4**

2 of 4

long as it is not the only evidence submitted in opposition (*O'Halloran v City of New York*, 78 AD3d 536, 537 [1st Dept 2010]).

In any event, Lopez's hearsay statements fail to rebut the presumption of negligence. The accident report states, in relevant part:

> INTERVIEWED BO LOPEZ (M43155) AND HE STATED HE WAS MERGING FROM RIGHT TO LEFT WHEN THE AUTO WHICH WAS IN THE LEFT LANE STOPPED SHORT CAUSING THE LEFT SIDE MIRROR OF BUS 9476 TO MAKE CONTACT WITH THE RIGHT SIDE REAR OF AUTO.

(*see* defendant's Exhibit A in opposition, Supervisor's Accident/Investigation report [NYSCEF Doc. No. 21]).

Lopez's hearsay statement that plaintiff's vehicle "stopped short," standing alone, is insufficient to rebut the presumption of negligence on the part of Lopez (*Deliz v Davis*, 236 AD3d 587 [1st Dept 2025]). "[S]tops that are foreseeable under prevailing traffic conditions must be anticipated by the driver who follows, who is under a duty to maintain a safe distance between his vehicle and the lead vehicle" (*id.* quoting *Lambert v Bonilla*, 201 AD3d 502, 503 [1st Dept. 2022]).

Thus, plaintiff is granted summary judgment in his favor as to liability against the NYCTA and Lopez. To be clear, the determination of their fault as a matter of law on this motion does not include the issue of whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), "which is a threshold matter separate from the issue of fault" (*Reid v Brown*, 308 AD2d 331, 332 [1st Dept 2003]).

Defendants' remaining arguments are unavailing.

Plaintiff is also granted summary judgment dismissing the affirmative defenses of plaintiff's culpable conduct and the emergency doctrine. Plaintiff claims his vehicle came to a gradual stop at a red light and was stopped for three seconds prior to the incident. "[T]he emergency doctrine typically is inapplicable to routine rear-end traffic accidents" (*Johnson v Phillips*, 261 AD2d 269, 271 [1st Dept 1999]).

Summary judgment in plaintiffs' favor as to liability against defendants Metropolitan Transportation Authority (MTA) and the MTA Bus Company is denied. Plaintiff did not submit any evidence either that the MTA or MTA Bus Company owns the bus at issue, or that Lopez was an employee of the MTA or MTA Bus Company.[1]

---

[1] Although not raised by defendants, the court notes that "[i]t is well settled, as a matter of law, that the functions of the MTA with respect to public transportation are limited to financing and planning, and do not include the operation, maintenance, and control of any facility" (*Delacruz v Metropolitan Transp. Auth.*, 45 AD3d 482, 483 [1st Dept 2007]; *see also Archer v New York City Tr. Auth.*, 187 AD3d 564 [1st Dept 2020]).

**155574/2024   ZHANG, JUCHAO vs. THE CITY OF NEW YORK ET AL**          **Page 3 of 4**
**Motion No.  001**

This constitutes the decision and order of the court.

20250502161611RTSAI48A03869AD9A4EEF819F90A8BB0F1D0E

__5/2/2025__
**DATE**

**RICHARD TSAI, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**155574/2024   ZHANG, JUCHAO vs. THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4

[* 4]