■ PETER M. VERNEY, Appellant-Respondent, v JOANNE VERNEY, Respondent-Appellant.—In a matrimonial action, (1) plaintiff appeals from an order of the Supreme Court, Queens County, dated August 11, 1975, which, after a hearing, (a) granted defendant's motion for a money judgment for arrears in alimony, (b) awarded defendant a counsel fee and (c) denied his cross motion *inter alia* to strike the alimony provisions of a judgment of divorce dated June 7, 1971 or, in the alternative, to vacate the said judgment in its entirety, (2) defendant cross-appeals, on the ground of inadequacy, from so much of said order as awarded her the counsel fee and (3) plaintiff appeals from a judgment of the same court, entered August 13, 1975, for the arrears. Order modified, on the law, by deleting the first and third decretal paragraphs thereof and substituting therefor provisions that (1) defendant's motion for a judgment for arrears is denied and (2) plaintiff's cross motion is granted to the extent that the judgment of divorce dated June 7, 1971 is vacated. As so modified, order affirmed, without costs or disbursements. Judgment reversed, on the law, without costs or disbursements. In June, 1971 plaintiff secured a divorce from defendant in the Supreme Court, Queens County, on the ground of defendant's abandonment of him for a period in excess of two years. Judgment was entered pursuant to a stipulation in open court under which, *inter alia,* defendant withdrew her answer and was awarded alimony in the amount of $500 per month, "plus taxes". In February, 1975 defendant moved to enforce the judgment as respects arrears in alimony payments. Plaintiff thereafter cross-moved for various relief, including vacatur of the divorce decree for lack of subject matter jurisdiction. Special Term granted defendant's motion and denied the cross motion. We disagree. It is virtually undisputed that plaintiff did not meet the statutory residence requirements necessary to maintain an action for divorce in this State. The parties, British subjects, had been married in England; the abandonment had occurred in England; defendant had never resided in the United States; and plaintiff had not resided within this State for a continuous period of at least two years immediately preceding the commencement of the action, as required by subdivision 5 of section 230 of the Domestic Relations Law, the applicable statute. These statutory residence requirements have been deemed jurisdictional in nature and, in *Eckert v Eckert* (34 AD2d 684), this court expressly held that the failure to meet such requirements deprived the court of jurisdiction over the subject matter of the action (see, also, *Langerman v Langerman,* 303 NY 465, 470–471). In other words, since the Supreme Court's jurisdiction in matrimonial actions is limited to such powers as are expressly conferred by statute, and as the applicable statute provides that a matrimonial action may only be maintained when certain residency requirements are met, noncompliance therewith leaves the court without any power to act judicially upon the matrimonial status or *res.* It is a well-settled rule that subject matter jurisdiction, otherwise nonexistent, may not come into being through waiver or estoppel *(Matter of Newham v Chile Exploration Co.,* 232 NY 37). It may not be conferred by consent or agreement of the parties, and the objection as to lack of subject matter jurisdiction may be raised at any time *(O'Donoghue v Boies,* 159 NY 87; *Eckert v Eckert, supra).* "No court or judicial officer can acquire jurisdiction by the mere assertion of it, or by erroneously

alleging the existence of facts upon which jurisdiction depends" (*O'Donoghue v Boies, supra,* p 98). The situation at bar is thoroughly unique insofar as we have a New York plaintiff challenging the jurisdictional basis of a New York divorce decree which he, himself, sought. However, the doctrine of estoppel, which defendant would have us invoke against plaintiff, is not effective as against a claim of lack of subject matter jurisdiction and, upon the particular facts before us, is quite inappropriate. There is absolutely no question here of fraud or deceit. Indeed, defendant had moved early in the divorce proceeding to dismiss the complaint for lack of jurisdiction, which motion was denied without prejudice to its renewal upon additional facts, the initial motion papers consisting only of a notice of motion and a copy of the complaint. The motion was never renewed and the parties entered into a stipulation, settling the matter, in open court. In testimony taken in support of the allegations of the complaint, plaintiff thereafter truthfully set forth all the pertinent facts which, on their face, indicated a *lack* of subject matter jurisdiction. Yet Special Term, inexplicably, found itself possessed of jurisdiction and granted plaintiff a judgment of divorce. Neither side appealed from the judgment and both have since, though to differing extents, relied thereon. Nevertheless, the fact remains that the judgment is null and void in the absence of subject matter jurisdiction. Judicial recognition of the invalidity of this divorce decree in this particular matrimonial proceeding will not permit plaintiff to escape his obligations to defendant, as he remains responsible for the support of his "wife" (cf. *Krause v Krause,* 282 NY 355). The parties are, for all intents and purposes, being returned to the *status quo* as it existed prior to the commencement of the divorce action. It is true that plaintiff remarried three years after he secured the instant judgment (there are no issue of the second marriage); but it appears that his second wife was served in this action and raised no objection to the vacatur of the 1971 divorce decree. Margett, Damiani, Rabin and Hawkins, JJ., concur; Hopkins, Acting P. J., dissents and votes to affirm the order and judgment, with the following memorandum: The plaintiff secured judgment for divorce on his complaint alleging abandonment by the defendant. That judgment recites the withdrawal of the defendant's answer at the trial and the fact of testimony given in open court "satisfactorily proving the allegations of the complaint". The judgment provided that the plaintiff should pay to the defendant the monthly sum of $100 for the support of the child of the marriage, and the monthly sum of $500 for the defendant's support. The findings of fact and conclusions of law state that the plaintiff was "for more than one year, a resident of the City and State of New York." No appeal was taken from that judgment. For three years the plaintiff made the required payments. He then fell into arrears, and the defendant moved for a money judgment; and by cross motion the plaintiff moved to vacate the judgment for lack of jurisdiction of the subject matter. I would affirm the denial of the relief sought by the plaintiff and the granting of a judgment for the arrears on behalf of the defendant. The plaintiff, in effect, is collaterally attacking his own judgment of divorce, on which he relied by marrying again. This he may not do. First, there is a strong presumption that in rendering the judgment the court had jurisdiction both of the person and the subject matter (*Matter of Spring,* 280 App Div 642, 644). The fact of residence as stated in the findings "for more than one year [in the] City and State of New York" does not imply that the Supreme Court, Queens County, lacked jurisdiction of the subject matter simply because the findings failed to specify residence in the State for more than two years. At least on its face, the judgment secured by the plaintiff was valid. The record, in my

view, does not contain clear and convincing proof that the court lacked jurisdiction over the parties and the marriage. Second, even if we were to say that the record established that the plaintiff had carried the heavy burden of proof resting on him, the issue of jurisdiction had been raised by the defendant's motion to dismiss the action based precisely on that ground. The motion was denied, without prejudice to renewal on additional facts. The question of jurisdiction was resolved when the parties settled their differences in open court. The jurisdiction of the Supreme Court to dissolve a marriage is clear, and embraced the "power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under that general question" *(Hunt v Hunt,* 72 NY 217, 229). Here, the question, having been litigated, cannot be reopened, because the doctrine of *res judicata* intervenes to prevent the judicially found fact of the necessary residence from being later overturned (see *Vander v Casperson,* 12 NY2d 56, 59; *Matter of Rougeron,* 17 NY2d 264, 271; *Matter of Acheson,* 28 NY2d 155, 163). The determination of the court, even though it may have been erroneous, binds both the parties and the court *(Sherrer v Sherrer,* 334 US 343; *Coe v Coe,* 334 US 378; *Milbank v Milbank,* 36 AD2d 292, affd 29 NY2d 844).* Third, we should. not lend our aid to a plaintiff who has obtained an advantage by invoking the jurisdiction of the court and then repudiates that jurisdiction when it suits his convenience. I share the view expressed in *Senor v Senor* (272 App Div 306, 312, affd 297 NY 800): "But the State has no interest in serving the vagaries of those who would play fast and loose with the marriage relationship, swearing to a residence in one State for the purpose of obtaining a divorce, and at some later time willing and anxious to impeach their oath for some further private purpose. They do not come chastened in spirit seeking restoration of the relationship so favored by the State. They come for relief from their obligations or for other personal gain." (See, also, *Krause v Krause,* 282 NY 355.) Here, not only has the plaintiff remarried on the strength of his own decree, he has waited over a period of years before attacking it. Equitable relief will be defeated by the laches of the applicant *(Krupinski v Krupinski,* 20 AD2d 719; *Whittley v Whittley,* 60 Misc 201). I perceive no reason of public policy which will be furthered by vacating the judgment; rather, I perceive reasons of weight to sustain the judgment.

---

* The issue of jurisdiction more often arises in cases testing the recognition of sister State divorces in the forum, but the principle remains the same (cf. *Statter v Statter,* 2 NY2d 668; *Zizzi v Zizzi,* 33 AD2d 926).