MARY L. MORRISON, as Administratrix of the Estate of JOHN F. MORRISON, Deceased, Appellant, v BETHLEHEM STEEL CORPORATION et al., Defendants, and ALLIED CHEMICAL CORPORATION et al., Respondents. (Appeal No. 1.)—Order unanimously affirmed, without costs. Memorandum: The complaint in this action for wrongful death alleges that plaintiff's decedent died as a result of exposure to "Benzene" during the course of decedent's employment. Plaintiff's attorney concluded that of the 11 named defendants three were so-called "target defendants", the liability of the others being somewhat questionable. A few months after the action was commenced plaintiff's attorney suggested to the eight "secondary" defendants that their cases could be settled for approximately $2,000 each. The four defendants involved in this appeal engaged in negotiations with plaintiff's attorney and agreed to pay $1,200 each in settlement of the action. In letters dated in May and June of 1978 plaintiff's attorney confirmed that settlement agreements had been entered into. Thereafter, however, plaintiff's attorney wrote to the four settling defendants claiming that the settlements had been contingent on acceptance by all eight "secondary" defendants. At the same time he stated that a settlement in the amount of $3,000 would be acceptable to the plaintiff. The settling defendants then moved for orders enforcing the stipulated settlements. After an evidentiary hearing orders were entered settling the cause of action against those four defendants. "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the

form of an order and entered" (CPLR 2104). In this case the letters acknowledging the settlement and signed by the plaintiff's attorney satisfy the requirement of a subscribed writing. The Trial Justice then properly conducted a hearing concerning the nature and extent of the authority granted by the plaintiff to her attorney and concerning the fairness of the settlement itself (see *Veith v ABC Paving Co.,* 58 AD2d 257). There is nothing in the record to cause us to disturb the trial court's findings that the plaintiff's attorney was authorized to settle these causes of action and did so in accordance with that authority. (Appeal from order of Niagara Supreme Court—enforce settlement.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.