516 A.2d 1231

**Timothy W. DENGLER, a minor by Joan K. DENGLER, his mother**

v.

**Donald J. CRISMAN, Jean H. Crisman and Neal B. Crisman, Appellants.**

Superior Court of Pennsylvania.

Submitted June 4, 1986.

Filed Oct. 22, 1986.

Rabe F. Marsh, III, Greensburg, for appellants.

Vincent J. Quatrini, Jr., Assistant District Attorney, Greensburg, for appellees.

Before CIRILLO, President Judge, and TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

Timothy W. Dengler, minor/appellee, was injured in an automobile accident on January 28, 1982, when he ran out into the highway, against the traffic signal, and was struck by a vehicle operated by Donald J. Crisman. His mother, appellee Joan K. Dengler, commenced suit on his behalf against appellants on January 25, 1984. After a writ of summons was issued,[1] but before a complaint was filed, appellees filed, *inter alia*, a Petition to Enforce Settlement alleging that a settlement agreement had been reached between appellees and the appellants' insurance carrier, the Hartford Insurance Co., in the amount of $10,000.

Appellants filed an Answer to the Petition alleging that since appellees had failed to accept the offer of settlement within the prescribed time, the settlement offer made by the Hartford Company had been withdrawn. Appellants further contended that a settlement of the action could not be enforced because Mrs. Dengler, as a parent, had no authority to bind the estate of her minor son absent prior court approval, pursuant to Pa.R.C.P. 2039.

On November 26, 1984, a hearing was held before Judge Daniel J. Ackerman wherein evidence was submitted on the matters raised in the aforementioned Petition and Answer. The lower court determined that: (1) on April 1, 1984, an agreement was entered into by appellees and the Hartford Company to settle appellee's claim for $10,000 and (2) between the date of the agreement and prior to the submis-

---

1. It goes without saying that an action may be instituted by summons, pursuant to Pa.R.C.P. 1007, Commencement of Action:

An action may be commenced by filing with the prothonotary
(1) a praecipe for a writ of summons,
(2) a complaint, or
(3) an agreement for an amicable action. $10,000.

sion of the matter to the court for approval, the Hartford Company rescinded.

The court then instructed the parties to submit briefs on the issue of whether the Hartford Company had the legal right to rescind the agreement.

On January 22, 1985, the lower court entered an Order wherein it found the agreement was not voidable by the Hartford Company prior to approval of the settlement by the court. Accordingly, the court granted appellee's petition to enforce the settlement and directed her to submit a petition pursuant to Pa.R.C.P. 2039. An immediate appeal was taken from the court's Order but was quashed as interlocutory by this Court's Per Curiam Order of April 30, 1985. *See Dengler v. Crisman,* No. 241 Pittsburgh, 1985. Thereafter, by Order dated September 19, 1985, the lower court approved the compromise and settlement of the minor's claim in the amount of $10,000.

The instant appeal was then taken from the October 22, 1985 judgment entered on the January 22, 1985 Order and the October 17, 1985 judgment entered on the September 19, 1985 Order.

The thrust of appellants' first argument is that until the court gives approval to a settlement, any prior agreement as to a settlement figure formed by the parties is voidable at the election of either party. The compromise or settlement of a minor's action is governed, in part, by Pa.R.C.P. 2039, which provides that, "[n]o action to which a minor is a party shall be compromised, settled, or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor." Pa.R.C.P. 2039(a). Unquestionably, the purpose of Rule 2039 is to protect the rights of minors in the settlement of their claims and, accordingly, "[t]he court is given wide discretion in such cases, subject to the primary interest of protecting the minor." *Wilson v. Bensalem Township School District,* 27 Pa.Cmwlth. 609, 367 A.2d 397, 398 (1976). This principle was also addressed by our Court in *Klein v. Cissone,* 297 Pa.Super. 207, 443 A.2d 799 (1982) wherein we stated:

At the outset, it must be pointed out that in *all* actions involving a minor, the best interests of that child are of paramount and controlling importance to this court. The minor litigant's interest must be protected above all other conflicting interests. In order to effectuate this deeply ingrained fundamental concept, Pa.R.C.P. 2039 was promulgated.

*Id.*, 297 Pa.Superior Ct. at 213, 443 A.2d at 802.

■ We find appellants' argument, that a settlement in a minor's action is not binding on them until court approval is obtained, to be in direct contravention with the purpose of Pa.R.C.P. 2039. Without Pa.R.C.P. 2039, there is no question that a settlement would be binding on behalf of the minor, as long as the appropriate guardian represented his interest. The intent of that rule could not be to lessen the validity of such settlement, but only to add an additional layer of protection for the minor. Such a settlement is binding on the negotiators but *voidable* as to the minor, pursuant to Rule 2039. Once the court approves the settlement negotiated by the parties, the agreement then becomes binding on the *minor*. This course of action allows the guardians of a minor to effectively negotiate a settlement while at the same time protect the minor's interest by requiring court approval before the settlement can have a binding effect on the minor. We fail to see how allowing the insurance carrier to repudiate the settlement agreement will advance the purpose of the rule. Normally, where a party enters into a settlement agreement, the agreement is binding and enforceable without court approval. Pa.R.C.P. 2039 adds a requirement of court approval for the sole purpose of protecting the *minor's* rights. *See Wilson, supra.* The agreement to settle in a minor's action comes into existence prior to the court's approval and it is only the court's disapproval of the terms of the agreement to settle that would permit a party to be released from its obligations thereunder.

Appellants further contend that the minor plaintiff's mother, as natural guardian, had no power or capacity to

bind the estate of her child since she is not a proper guardian under the Probate, Estates, and Fiduciaries Code.

■ Appellants' reliance on the P.E.F. Code is misplaced since this is not a question concerning distribution of a minor's estate subject to the P.E.F. Code, 20 P.S. § 5111 et seq. That Code and section applies to the governance of estates that have come into existence and those within the jurisdiction of the Orphans' Court. It stands to reason that no estate exists until the settlement is approved and payment made, at which time Pa.R.C.P. 2039(b) provides for distribution. We are concerned at this stage with an action of law which is governed by the Rules of Civil Procedure, involving minors as parties, under Pa.R.C.P. 2026 et seq.

Rule 2026. Definitions, provides as follows:

"action" means any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules;

. . . .

■ Civil actions, in which minors are parties, are governed by the above rules and are not in conflict with 20 P.S. § 5111, *supra*. The Orphans' Court Rule 12.5 et seq., providing for the appointment of a guardian for the estate or person of a minor, under Orphans' Court practice is distinguishable, in many respects, from actions at law or in equity and provides procedure unique to that aspect of the law. To require all actions, civil or otherwise, in which a minor is involved, to first proceed in Orphans' Court for appointment of guardian of the minor, would place an abnormal burden on that court and be entirely redundant in view of the procedures detailed by the Rules of Civil Procedure for that purpose.

Civil actions, involving a minor, must have a guardian on behalf of that minor to represent his interests. Rule 2028 provides:

## Rule 2028. Actions by and against Minors. Averments in Plaintiff's Pleading

(a) An action in which a minor is plaintiff shall be entitled "A, a Minor, by B, his Guardian", against the party defendant.

*Note:* Under the above rule, the representative of a minor plaintiff is termed a "guardian" regardless of whether under prior practice he would be termed a legal guardian or a next friend.

(b) The initial pleading filed in behalf of a minor plaintiff shall state the name and address of his guardian and his relationship, if any, to the subject matter of the action or to any of the parties thereto. In case the person selected as guardian is a guardian appointed by any court of competent jurisdiction or by a will duly probated, the initial pleading shall contain a reference to the record of the appointment.

(c) An action in which a minor is the defendant shall be commenced against the minor by name in the manner in which a like action is commenced against an adult.

While this action was initially brought by the mother, Joan K. Dengler, *and* Timothy W. Dengler, a minor, leave to amend the caption was granted to permit the mother to bring this action as guardian pursuant to the above rule. This corrected any error that might have resulted in the proceeding. It also complied with the joinder requirements of Rule 2228 *infra.* The rules provide for ease of obtaining the requisite guardianship, exercise of some control by the minor in selection of the guardian and power in the court to assure that the guardian is appropriate and in the case where one is not designated, to provide one as needed. (See Rule 2031 infra). It cannot be questioned that the most appropriate and preferred guardian would be a parent of the child. The rules have superseded statutory procedures created under the Married Womens Act, 48 P.S. § 91, Mother to have same power and control over minor child as father; right of action for injuries to child. There it provided in part:

... The father and mother shall have a joint right of action for injuries to their minor child, for the loss of its

services and expenses incidental thereto, and either the father or mother shall have the right to sue therefor in the name of both. In case the father and mother live apart the action shall be maintained by the parent having the custody of the child and the control of its services. 1895, June 26, P.L. 316, § 1; 1925, May 13, P.L. 638 § 1.

These provisions were suspended absolutely by Pa.R.C.P. 2250. Supplanting 48 P.S. § 91, Rule 2228, Joinder of Related Plaintiffs, provides:

(b) If an injury, not resulting in death, is inflicted upon the person of a minor, and causes of action therefor accrue to the minor and also to the parent or parents of the minor, they shall be enforced in one action brought by the parent or parents and the child. Either parent may sue therefor in the name of both; but if the parents live apart the action shall be brought by the parent having the custody of the child and the control of its services. Adopted June 7, 1940, effective Feb. 5, 1941. Amended and effective April 18, 1975; June 24, 1976.

■ Thus it is clear that the parent has the natural and primary right to bring an action, as guardian, on behalf of his or her child, subject only to the condition that claims by the individual parents on their own behalf and that of the child must be joined.

The manner of proceeding when the interest of a minor is involved is detailed in Rule 2028, *supra*. Rule 2031 then provides for the manner of selection of a guardian; it provides:

**Rule 2031. Selection and Appointment of Guardians**

(a) A minor plaintiff may select his guardian, but such selection shall not bar the court from removing the guardian for cause in accordance with these rules.

(b) If a minor party to an action is not represented, the court shall appoint a guardian for him either upon its own motion or upon the petition of (1) the minor party, (2) a guardian of the minor appointed by any court of competent jurisdiction, or by a will duly probated, (3) any relative of the minor, or (4) any other party to the action.

(c) The petition shall state the name and address of the person proposed as guardian, and his relationship, if any, to the subject matter of the action or to any of the parties thereto. In case the person proposed as guardian is a guardian appointed by any court of competent jurisdiction or by a will duly probated, the petition shall contain a reference to the record of such appointment.

(d) When the petition is filed by the minor the court may make the appointment ex parte.

(e) When the petition is filed by a person other than the minor, the court shall direct a rule to be served upon the minor or upon such other person as the court may designate to show cause why the prayer of the petition should not be granted.

Adopted Feb. 14, 1939, effective Sept. 4, 1939. Amended and effective April 18, 1975.

█ Thus it is evident that this action was brought by a proper guardian, which was acknowledged by the court in permitting amendment of the caption, in compliance with Rule 2028, Actions by and against minors, Rule 2228, Joiner of Related Plaintiff (mother's claim and child's claim) and Rule 2031, Selection and Appointment of Guardian. Any defect in joinder of the mother's claim and the claim of the child through and by the guardian, which might have presented a problem under Rule 2232, Defective Joinder Change of Parties, was corrected by the court's Order granting leave to amend the caption. Finally, the mother, as guardian, was fully competent to negotiate and enter into agreement on behalf of the minor, pursuant to Rule 2027 which provides:

**Rule 2027. Guardian to Represent Minor**

When a minor is party to an action he shall be represented by a guardian who shall supervise and control the conduct of the action in behalf of the minor.

Adopted Feb. 14, 1939, effective Sept. 4, 1939. Amended and effective April 18, 1975.

Once the settlement has been approved, distribution of the fund can be made pursuant to Pa.R.C.P. 2039(b) which

permits payment in full to the guardian of the estate, *if one exists or is appointed by the court,* otherwise an amount up to $10,000 may be paid to the guardian of the person, natural guardian, or person or agency by whom the minor is maintained. That issue is not before the Court here.

We, therefore, conclude the mother was the proper guardian of the child in this civil action, and as such, was empowered to enter into a settlement on his behalf, which would be binding and not unilaterally revocable by the carrier, subject only to approval by the court pursuant to Rule 2039.

Judgment affirmed.