## Jones v. Pocono's Magic Valley Inc.

*Russell O'Malley Jr.,* for plaintiff.
*Bernard M. Billick,* for defendant.

O'BRIEN, *J.,* October 15, 1987 — Toni L. Jones, who was born January 28, 1968, suffered an injury to her leg on August 15, 1980, while a patron at defendant's amusement park. Plaintiff's mother commenced an action at law on behalf of the minor which was scheduled for trial in October 1985. At the time of the pre-trial conference before a judge of this court a settlement of the claim was agreed upon by counsel for both parties. Subsequently a petition for approval of the settlement was filed by counsel for the mother but withdrawn prior to any action by the court. In January, 1986, the minor reached her majority and expressly repudiated the proposed settlement. Counsel for defendant has filed a petition to enforce the settlement which following briefs and argument is now before the court for disposition.

Pa.R.C.P. 2039 provides in pertinent part as follows:

"(a) No action to which a minor is a party shall be compromised, settled or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor."

Plaintiff, by her new counsel, relying on *O'Donnell v. Broad*, 149 Pa. 24 (1892), argues that since the procedure outlined in Pa.R.C.P. 2039(a) was not followed, the settlement cannot be enforced. In response, defendant cites *Klein v. Cissone*, 297 Pa. Super. 207, 443 A.2d 799 (1982) in which a minor settlement was enforced even though no written petition was filed with the court. In *Klein*, supra, a settlement was reached during a recess at trial at which time the court commenced an evidentiary hearing on the propriety of the settlement. Although the Superior Court found that the requirement of a written petition could be waived, it enforced the settlement only after a full and complete hearing before the trial court establishing that the settlement was in best interest of the minor.

In *Dengler v. Chrisman*, 358 Pa. Super. 158, 516 A.2d 1231 (1986), our Superior Court held that a settlement agreement entered into between a minor's guardian and a defendant is binding on a defendant but voidable as to the minor until a court approves the settlement at which time the settlement becomes binding on the minor as well. It is undisputed that the court never approved the settlement in the instant case. Further in the instant case, the court did not conduct an evidentiary hearing with respect to the settlement as occurred in *Klein,* supra. Since the settlement is voidable as to the minor and the minor, having reached her majority, has repudiated the settlement, it cannot be enforced against her will.

## ORDER

And now, this October 15, 1987, the rule to show cause upon defendant's petition to enforce a settlement is dismissed.