*327 OPINION OF THE COURT
John T. Buckley, J.
Plaintiff commenced this personal injury action seeking compensation for personal injuries sustained when a neighbors’ unleashed dog bit his child. Defendant Thomas Parks is alleged to be the owner of the dog; the remainder of the defendants are owners of the apartment which was rented to Mr. Parks’ friend, Dawn Diaz. Mr. Parks had no apparent relationship with the landlord defendants.
Defendants Louis Tartaglia, Joyce Tartaglia and Anthony Tartaglia have moved this court for an order granting a motion for summary judgment dismissing the complaint. These defendants claim there is no liability if based only upon their ownership of real property rented to an individual whose paramour harbored a dog. Plaintiff’s response to the motion raised an issue of whether the parties had previously settled this matter by an offer and acceptance evidenced by writings signed by authorized representatives.
The court adjourned the motion and requested that counsel specifically address the issue of whether this matter had been previously settled by an offer and acceptance and, if so, whether such a settlement is enforceable. Although defendants assert that plaintiff has not cross-moved pursuant to CPLR 2215, since this court directed attention to this issue, there is no prejudice claimed by defendants and resolution of this issue is otherwise proper in the context of defendants’ motion, the court will decide whether the parties have resolved this dispute in a manner and with the requisite formalities which would bar defendants’ motion for summary judgment. (CPLR 2001; Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn., 178 AD2d 871 [3d Dept 1991].)
Plaintiff claims that defendants, through a representative authorized to settle this litigation, communicated an offer which was accepted and resulted in an executory contract subject to approval by the court in accordance with infant settlement procedures. Defendants have not disputed that Peter A. Caliva was so authorized and have not disputed that Mr. Caliva authored letters of October 11, 1995 and January 8, 1996 which offered to settle by payment of $7,500. Although defendants’ counsel argues strenuously that the offer was conditioned upon a "time is of the essence” provision, neither letter contains such condition. Mr. Caliva’s letter of October 11, 1995 sensibly conditioned the plaintiff’s ability to accept *328 the offer upon communicating such acceptance within a reasonable period of time. Mr. Caliva’s letter of January 8, 1996 extended plaintiff’s ability .to accept the offer until January 20, 1996 indicating some irritation that the plaintiff has not been in contact with his attorney during the preceding six months. The time concerns expressed by defendants’ representative related to when plaintiff would accept the offer and not when the infant settlement court approval would be concluded.
Plaintiff accepted the settlement offer in a January 11, 1996 letter. The acceptance "noted” that the required infant settlement court approval could not be completed until the infant returned from overseas "at some unknown time before September, 1996.” Mr. Caliva’s letter of January 15, 1996 purported to "reserv[e] the right to withdraw my offer” if the infant would not be available for a settlement proceeding within 60 days. Mr. Caliva reiterated his conditional limitation of the offer in his January 30, 1996 letter.
An agreement between an infant and a defendant to settle litigation is not a prohibited contract. (General Obligations Law art 5.) An agreement to settle litigation is an executory accord as defined by General Obligations Law § 15-501 (1): "Ex-ecutory accord as used in this section means an agreement embodying a promise express or implied to accept at some future time a stipulated performance in satisfaction or discharge in whole or in part of any present * * * cause of action”.
Such an executory accord is binding even when it calls for performance "to occur at a time after the making of the accord, provided the promise of the party against whom it is sought to enforce the accord is in writing and signed by such party or by his agent.” (General Obligations Law § 15-501 [2].) Contrary to the contention of the defendants, the original offer did not contain a "time is of the essence” condition. Mr. Caliva repeatedly expressed concern about the time within which the offer could be accepted and plaintiff ultimately communicated an acceptance within the time deadline which conditioned Mr. Caliva’s offer. This court finds that plaintiff accepted the offer. Plaintiff did not vary the amount to be received nor add any other condition to the offer.
Plaintiff "noted” in the acceptance that final court approval of the infant settlement would have to await the return of the infant to the United States from Poland which would occur before September 1996. When performance time is not explicitly a term of a contract, the court will imply a "reasonable” time for performance and "[w]hat constitutes a reason *329 able time for performance depends upon the facts and circumstances of the particular case”. (Zev v Merman, 73 NY2d 781, 783 [1988] [citations omitted].) The issue then becomes whether plaintiffs inability to perform the submission of the executory accord to the court constituted a breach of contract. Did Mr. Caliva have the right to demand performance within 60 days or could plaintiff, consistent with the contract of settlement, obtain judicial review of the infant settlement within an additional five months beyond Mr. Caliva’s March deadline? Contrary to the assertion of defendants’ counsel, the time for performance was not indefinite. Plaintiff agreed to take all necessary steps to submit the executory accord to the court no later than September 1996. A determination of "reasonable time” depends upon a number of different factors as identified by the Court in Zev v Merman (supra). The cause of action upon which plaintiff sued arose and the action was commenced in 1994. The initial offer was made three months prior to its acceptance and defendants’ agent was willing to contemplate performance within another two months. Plaintiffs description of his ability to apply for judicial approval added a little more than five months. There is no allegation of bad faith on plaintiffs part. The infant was abroad on an unrelated matter and there were reasonable assurances that the infant would be available within the near future. Since time was not of the essence, this court finds that plaintiffs agreement to submit the executory accord contemplated performance within a reasonable time. Defendants have not articulated any palpable prejudice, harm or other extra cost resulting from such a performance time. Consequently, Mr. Caliva’s post hoc attempt to "reserve” his ability to unilaterally withdraw his offer was ineffective. Having made an offer which identified the parties and terms with reasonable certainty, plaintiffs acceptance of January 11, 1996 produced an executory accord. This executory accord can now be enforceable within the context of this litigation as a basis for a stipulated settlement and, of course, subject to court approval as an infant settlement. (General Obligations Law § 15-501; CPLR 2104; Morrison v Bethlehem Steel Corp., 75 AD2d 1001 [4th Dept 1980].) It is this court’s view that this executory accord is sufficient to pretermit consideration of defendants’ motion for summary judgment. Having entered into a settlement with plaintiff, defendants are incapable of moving for summary judgment unless and until this court rejects the settlement.
While defendants have taken the position that the CPLR article 12 proceeding must have been completed and judicial *330 approval obtained as a condition precedent to the parties’ ability to enter into an executory accord, this court perceives no disability arising from any law which prevents the parties from reaching such an accord. At common law and under the General Obligations Law, there is no bar to an infant or infant’s parent accepting an offer of settlement. It is not illegal to accept such an offer. Although defendants claim that it would be "ludicrous” to "enforce” a "settlement agreement” against the defendants while leaving the plaintiff free to repudiate, infants have been free to enter into contracts which can be subsequently repudiated and this rule derives from the common law and flows as a natural consequence from the legal status of infants. The function of an article 12 infant settlement motion or proceeding, as plaintiff ably points out, is to provide defendants with an ability to obtain an enforceable settlement agreement so that cases just like the present one can be resolved. Plaintiff cannot now obtain an order from this court compelling payment on this executory accord since the article 12 infant settlement proceeding has not been completed. To that extent, defendants are precisely correct. (Valdimer v Mount Vernon Hebrew Camps, 9 NY2d 21 [1961].) In the posture of this case, however, the executory accord between the parties operates as a bar to defendants’ ability to obtain summary judgment. Having found an offer and an acceptance resulting in an executory accord, this court finds no difficulty, conceptually or otherwise, in finding that the settlement agreement reached by the parties remains subject to the subsequent review by this court before it becomes a final settlement. During the interim between acceptance and court disposition, however, the defendants do not remain free to disavow or repudiate their contract with plaintiff. The court finds no reason to entertain a motion by defendants for summary judgment when they have offered a settlement and it has been accepted by the plaintiff. For that reason, the court adjourns further consideration of defendants’ motion for summary judgment until after plaintiff has noticed a motion for this court to review the infant settlement and decided whether to finalize that accord.
Having reviewed the papers identified in the Appendix, and due deliberation having been had, it is hereby ordered that defendants’ motion for summary judgment is hereby adjourned pending this court’s review of an infant settlement pursuant to CPLR article 12 and it is further ordered that no costs be awarded on this motion.