■ PHILIP GOLDFARB, Respondent, v DEBRA S. GOLDFARB, Appellant. [647 NYS2d 243] —In an action for a divorce and ancillary relief, the defendant wife appeals (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Silverman, J.), entered July 11, 1995, as granted the plaintiff husband's cross motion for partial summary judgment declaring that an antenuptial agreement is valid and enforceable, and (2) from an order of the same court, entered December 15, 1995, which (a) denied her motion which was, in effect, for reargument of the plaintiff's cross motion for partial summary judgment and (b) granted the branch of the plaintiff's cross motion which was for attorney's fees.

Ordered that the appeal from so much of the order entered December 15, 1995, as denied the defendant's motion which was, in effect, for reargument, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 11, 1995, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 15, 1995, is reversed insofar as reviewed, and that branch of the plaintiff's cross motion which was for attorney's fees is denied, without costs or disbursements.

An antenuptial agreement is valid and enforceable if it is in writing, subscribed by the parties, and acknowledged or proven in a manner required to record a deed (*see,* Domestic Relations Law § 236 [B] [3]). A duly executed agreement is provided the same presumption of legality as any other contract (*see, Forsberg v Forsberg,* 219 AD2d 615; *Eckstein v Eckstein,* 129 AD2d 552, 553; *see also,* General Obligations Law § 3-303). The record indicates that the antenuptial agreement was signed by both

parties and formally acknowledged. Thus, the agreement is presumed to be valid and the burden is upon the defendant to produce evidence to the contrary (*see, Panossian v Panossian,* 172 AD2d 811, 812). This the defendant failed to do. Therefore, the Supreme Court properly granted the plaintiff's cross motion for an order declaring that the antenuptial agreement is valid and enforceable.

In its order entered December 15, 1995, the Supreme Court improvidently exercised its discretion when it awarded the plaintiff counsel fees in connection with the defendant's motion which was, in effect, for reargument of the plaintiff's cross motion for partial summary judgment. The defendant's conduct was not frivolous as the term is defined in 22 NYCRR 130-1.1 (c).

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.