■ DOLORES RUPERT, Respondent, v PHILIP D. RUPERT, JR., Appellant. [667 NYS2d 537] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: In this divorce action, Supreme Court determined that each party had established grounds for divorce, but, upon the stipulation of the parties, the preparation of the judgment of divorce was deferred until all financial issues are determined. A trial was conducted on plaintiff's fourth and fifth causes of action seeking to invalidate the parties' antenuptial agreement, which provided, *inter alia*, that, in the event of a divorce, neither party would seek equitable distribution of the other's property and that all property acquired after the marriage would remain the property of the person in whose name it was acquired. At the conclusion of trial, the court made findings with respect to the circumstances surrounding the presentation and execution of the antenuptial agreement.

There is no dispute that the final antenuptial agreement was executed after much discussion at the office of plaintiff's lawyer on the day before the wedding and against the advice of plaintiff's lawyer, or that the agreement was subscribed by the parties and acknowledged pursuant to the requirements of Domestic Relations Law § 236 (B) (3). During the evening before the wedding, plaintiff discussed her unhappiness with the antenuptial agreement with friends who had arrived to attend the wedding. Later that evening, defendant telephoned plaintiff, and she told him that they should cancel the wedding. Defendant then came to plaintiff's house and, in the presence of plaintiff and her friends, including defendant's best man, defendant presented plaintiff with a letter that he said he had intended to give her the next day. The letter was signed by defendant; it was undated but bore the caption "Friday" (Friday Letter). The Friday Letter states that "our marriage assets accumulated after our marriage will be split ½ ½ for it will be garnered together". Plaintiff read the letter but was not reassured and again told defendant that the marriage should be cancelled, whereupon defendant sat down at the kitchen table and wrote out the following provisions on a piece of paper, referred to at trial as the Five Point Document: "1. All assets prior to 7/16 are frozen, 2. all acquired property or other equities after 7/16 are to be in both names, 3. pay for all learned

school course *[sic]* in case of separation, 4. all assets acquired after 7/16 are to be split equally if separation occurs, 5. any expenses incurred by [plaintiff] if separation occurs, will be paid by myself". After plaintiff read the Five Point Document, she consented to proceed with the wedding, and the parties were married the next day. The Five Point Document was not signed by either party.

The court determined that the Friday Letter and the Five Point Document were generated subsequent to the execution of the parties' antenuptial agreement; that the three documents satisfied the requirements of Domestic Relations Law § 236 (B) (3); and that the three documents were "grafted" together and constituted an integrated agreement. The court adjudged, however, that it was unable to determine whether it would be unconscionable "to enforce the promises made by the Defendant to the Plaintiff after the execution of the Agreement" and reserved decision until after completion of financial discovery.

Initially, we reject the contention of defendant that the factual findings of the court are not supported by sufficient evidence and are against the weight of the evidence. The court's findings are sufficiently supported in the record (*see, Public Serv. Mut. Ins. Co. v Hollander*, 228 AD2d 283, 285, *lv denied* 88 NY2d 816), and we cannot conclude that " ' "the court's conclusions could not be reached under any fair interpretation of the evidence" ' " (*Thoreson v Penthouse Intl.*, 80 NY2d 490, 495, *rearg denied* 81 NY2d 835; *see, Allen v Kowalewski*, 239 AD2d 879, *lv denied* 90 NY2d 806).

We reject the further contention of defendant that the Friday Letter and the Five Point Document are unenforceable because they fail to meet the requirements of Domestic Relations Law § 236 (B) (3). That subdivision provides that "[a]n agreement by the parties, made before or during the marriage, shall be valid and enforceable in a matrimonial action if such agreement is in writing, subscribed by the parties, and acknowledged or proven in the manner required to entitle a deed to be recorded."

Here, the antenuptial agreement consists of the original agreement, as modified by the Friday Letter and Five Point Document. An agreement may consist of signed and unsigned writings, "provided that they clearly refer to the same subject matter or transaction" (*Crabtree v Elizabeth Arden Sales Corp.*, 305 NY 48, 55; *see, Gilinsky v Sarbro Realty Corp.*, 138 AD2d 823, 824). Parole evidence was admissible to show the connection between the writings and defendant's agreement to them (*see, Fox Co. v Kaufman Org.*, 74 NY2d 136, 142-143). The pa-

role evidence introduced by plaintiff, which was credited by the court, establishes that the Friday Letter and Five Point Document modified the original agreement prior to the marriage and while the agreement was still executory. The consideration for the agreement was the marriage itself, and the agreement came into existence only upon the marriage. Parole evidence was not admitted to establish the terms of the antenuptial agreement. Further, the three writings all refer to the same subject matter, i.e., the disposition of postnuptial assets in the event of a separation or divorce. Because the antenuptial agreement was in writing, subscribed by the parties and acknowledged before a notary public and because the two other documents were "grafted" onto the antenuptial agreement, the requirements of section 236 (B) (3) were fully satisfied. For that reason, defendant's reliance on *Matisoff v Dobi* (90 NY2d 127) is misplaced.

Similarly, the contention of defendant that the Friday Letter and the Five Point Document violate the Statute of Frauds (General Obligations Law § 5-701 [a] [1]) is without merit. "The statute of frauds does not require the 'memorandum * * * to be in one document. It may be pieced together out of separate writings, connected with one another either expressly or by the internal evidence of subject matter and occasion' [citations omitted]" (*Crabtree v Elizabeth Arden Sales Corp., supra,* at 54). The original agreement and Friday Letter were signed by defendant, and the Five Point Document merely amplified and explained the language in the Friday Letter. "The signed and unsigned writings, when read together, provide all essential terms of the contract and clearly refer to the same transaction" (*American Linen Supply Co. v Penn Yan Mar. Mfg. Corp.*, 172 AD2d 1007, 1008). The writings satisfy the Statute of Frauds.

Although the antenuptial agreement provides that it "may only be modified or amended by a written modification agreement duly executed by the parties", that provision was waived by defendant in drafting the Friday Letter, which was "in writing and signed by [defendant,] the party against whom enforcement of the change is sought" (General Obligations Law § 15-301 [1]).

We also reject the contention of defendant that our prior decision (*Rupert v Rupert,* 190 AD2d 1027) constitutes the law of the case with respect to the issue of the validity of the antenuptial agreement. There, we did not decide the issue of the validity of the agreement, but merely held that financial disclosure was inappropriate before the validity of the agreement was established.

Plaintiff conceded at oral argument of the appeal that, if it is determined that the Friday letter and Five Point Document became part of the antenuptial agreement, it would not be necessary for the court to determine whether the promises made by defendant "after the execution of the Agreement" are unconscionable; that decision would no longer be necessary. We, therefore, modify the order by vacating the third ordering paragraph thereof. The further proceedings before the court should include the identity and value of the property obtained by the parties after the marriage. (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Equitable Distribution.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.