■ JACK GAGLIA, Respondent, v JAMES M. NASH, Appellant. (Appeal No. 1.) [778 NYS2d 595]—

Appeal from a judgment of the Supreme Court, Erie County

(Joseph G. Makowski, J.), entered June 17, 2003. The judgment awarded plaintiff the sum of $115,400.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant contends with respect to appeal Nos. 1 and 2 that Supreme Court erred in granting plaintiff's motion to enforce the parties' settlement agreement, which defendant contends was in violation of both CPLR 2104 and the statute of frauds (General Obligations Law § 5-701 [a]), and in awarding plaintiff judgment in the sum of $115,400.00. We reject that contention. Although defendant's attorney did not countersign the letter dated December 13, 2002, in which plaintiff's attorney set forth the terms of the settlement agreement, the subsequent letters "acknowledging the settlement and signed by the [defendant's] attorney satisfy the requirement of a subscribed writing" pursuant to CPLR 2104 (*Morrison v Bethlehem Steel Corp.*, 75 AD2d 1001, 1002 [1980]). In addition, the settlement agreement is not in violation of the statute of frauds (*see generally Rupert v Rupert*, 245 AD2d 1139, 1141 [1997], *appeal dismissed* 97 NY2d 661 [2001], *rearg denied* 97 NY2d 726 [2002]). Defendant further contends that the court lacked subject matter jurisdiction to give effect to the entire settlement agreement because it concerns the parties' two partnerships and only one of those partnerships is the subject of the complaint. We reject that contention. In support thereof, defendant relies on *Verney v Verney* (53 AD2d 608, 608 [1976]), in which the Second Department noted the "well-settled rule that subject matter jurisdiction, otherwise nonexistent, may not come into being through waiver or estoppel." Defendant's reliance on *Verney* is misplaced because here it is undisputed that the court's subject matter jurisdiction over the second partnership was not "otherwise nonexistent" (*id.* at 608).

We agree with defendant's contention in appeal No. 2, however, that the court erred in appointing a receiver "with respect to the assets of Sentry Auto Partnership," one of the parties' two partnerships. In granting that relief, the court noted that plaintiff initially sought the appointment of a receiver in the complaint and that defendant thereafter sought that relief in his cross motion. Because the court determined that the parties entered into a settlement agreement and, in enforcing the agreement, the court reduced all of plaintiff's claims against defendant to a money judgment, it was error to appoint a receiver at this juncture. Indeed, defendant contends on appeal that he sought that relief in his cross motion only in the alternative, in the event that the court denied plaintiff's motion seeking to

enforce the settlement agreement. Thus, we modify the order in appeal No. 2 accordingly. We note, however, that plaintiff, as a judgment creditor, may move pursuant to CPLR 5228 for the appointment of a receiver in order to satisfy the judgment. Present—Wisner, J.P., Hurlbutt, Kehoe, Martoche and Lawton, JJ.