■ ESTATE OF FRANK A. AMENDOLA, Deceased, et al., Respondents, v BARBARA A. KENDZIA, Appellant. BARBARA A. KENDZIA, Individually and on Behalf of CCB ASSOCIATES, Counterclaim Plaintiff-Appellant, v ESTATE OF FRANK A. AMENDOLA, Deceased, et al., Counterclaim Defendants-Respondents. [850 NYS2d 777]—

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered June 23, 2006. The order granted the motion of plaintiffs and counterclaim defendants and enforced a settlement agreement.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: The original plaintiffs, a partnership and three general partners, commenced this action against the fourth general partner, who counterclaimed individually and on behalf of the partnership against the individual plaintiffs. One of the plaintiff partners subsequently died, and his estate was substituted as a plaintiff. We agree with Barbara A. Kendzia, the defendant and counterclaim plaintiff (defendant), that Supreme Court erred in granting the motion of plaintiffs and the counterclaim defendants, who are three of the four plaintiffs, seeking an order enforcing the parties' settlement

agreement. The cover letter signed by defendant's attorney did not satisfy the requirement in CPLR 2104 that a settlement agreement be "signed by the party (or attorney) to be bound" (*Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]; *see DeVita v Macy's E., Inc.*, 36 AD3d 751 [2007]). While the cover letter was sent with a document entitled "SETTLEMENT AGREEMENT AND RELEASES," the cover letter specified in relevant part that, "[b]y copy of this letter, we are asking that you arrange for your clients to sign the Agreement," and the record contains prior correspondence in which defendant's attorney wrote that the parties' settlement was subject to the signing of a formal, written agreement (*cf. Roberts v Stracick*, 13 AD3d 1208 [2004]; *Gaglia v Nash*, 8 AD3d 992, 993 [2004]). "It is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by . . . them, they are not bound and may not be held liable until it has been written out and signed" (*Scheck v Francis*, 26 NY2d 466, 469-470 [1970]). Present—Scudder, P.J., Gorski, Lunn and Fahey, JJ.