[No. B236175. Second Dist., Div. Six. Jan. 25, 2012.]

SPENCER PEARSON, as Guardian ad Litem, etc., Petitioner, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, Respondent;
GARY NICHOLSON et al., Real Parties in Interest.

---

COUNSEL

Kevin Patrick McVerry for Petitioner.

No appearance for Respondent.

Coates & Coates, Greg A. Coates and Tana L. Coates for Real Parties in Interest.

---

OPINION

**YEGAN, J.**—Bryce Pearson, a minor, was injured while riding on an all-terrain vehicle operated by a friend. Through his father and guardian ad litem Spencer Pearson (guardian ad litem), the minor sued the friend's family to recover damages for personal injuries. On June 9, 2010, the parties and defendants' insurance carrier entered a settlement of the minor's claims on the record at a settlement conference. Because Bryce was a minor, the settlement required court approval pursuant to Code of Civil Procedure section 372.[1] A petition for approval of the minor's claim was filed. Tragically, Bryce died about three weeks before the superior court ruled on the petition.

Defendants filed opposition to the petition on the ground that the settlement agreement was not enforceable because it had not been approved by the court before the minor's death, which extinguished damages attributable to pain and suffering. Guardian ad litem moved to enforce the settlement agreement, contending that section 372 allows only the minor to repudiate a settlement agreement before it is approved by the court. In its statement of decision, the superior court denied the petition and the motion to enforce the settlement agreement. It reasoned that the settlement agreement never became final because it had not been approved by the court prior to the minor's death.

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

Because certain claims were extinguished by that event, the trial court concluded approval of the settlement agreement would result in a "windfall" for plaintiffs.

Guardian ad litem filed this petition for writ of mandate to compel the superior court to grant the motion for approval of the minor's compromise and enforcement of the settlement agreement. We issued an order to show cause and have considered the parties' arguments. We conclude that while the motion for approval of the minor's compromise is pending, the settlement agreement is voidable only at the election of the minor or his guardian. Neither the letter nor the spirit of section 372 confers any right on the defendant and/or its carrier to object when the court approves or disapproves of a settlement agreement. Accordingly, we direct the respondent superior court to vacate its order denying approval of the settlement agreement and to enter a new order granting petitioner's motion.

■ When no minors are involved, the parties to pending litigation may enter into a final and binding settlement agreement by reciting the terms of their agreement on the record, in the court in which the action is pending. After they have stipulated "orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (§ 664.6.)

■ When one of the parties to litigation is a minor, however, an additional step is required to protect the minor. It has long been the rule in California that a minor has limited capacity to enter into contracts (Fam. Code, §§ 6700, 6701), and that "a contract of a minor may be disaffirmed *by the minor* before majority . . . ." (Fam. Code, § 6710, italics added.) One corollary of this general rule is that a minor must appear as a party in litigation through a guardian ad litem or some other adult representative. The guardian ad litem "shall have power, *with the approval of the court* in which the action or proceeding is pending, to compromise the same, to agree to the order or judgment to be entered therein for or against [the minor], and to satisfy any judgment or order in favor of the [minor] or release or discharge any claim of the [minor] pursuant to that compromise." (§ 372, italics added.) An agreement to settle or compromise a claim made by a minor "is valid only after it has been approved, upon the filing of a petition, by the superior court . . . ." in the county where the minor resides or the action could have been brought. (Prob. Code, § 3500, subd. (b).)[2]

---

[2] Neither section 372 nor the California Rules of Court (rules 7.950 & 7.952) contemplates a noticed motion and adversary hearing when court approval of a minor's compromise is sought. Although we need not decide the question, it would appear that a petition to approve or

 The requirements that a guardian ad litem be appointed and that the proposed compromise of a minor's claim be approved by the trial court exist to protect the best interests of the minor. (See, e.g., *Williams v. Superior Court* (2007) 147 Cal.App.4th 36, 46–47 [54 Cal.Rptr.3d 13].) As the court observed in *Scruton v. Korean Air Lines Co.* (1995) 39 Cal.App.4th 1596 [46 Cal.Rptr.2d 638] (*Scruton*), "just as a minor lacks capacity to enter into a contract, the guardian ad litem lacks contractual capacity to settle litigation without endorsement of the court. As with any other contract where one party lacks capacity, or a necessary contractual formality has been ignored, the contract is voidable until the defect is remedied." (*Id.* at p. 1605.)

 Relying heavily on *Dacany v. Mendoza* (9th Cir. 1978) 573 F.2d 1075, the court in *Scruton* held that the guardian ad litem for two minors whose mother was killed in an airplane accident could withdraw consent to the settlement of their wrongful death action against the airline at any time before the trial court approved the settlement agreement. (*Scruton, supra,* 39 Cal.App.4th at pp. 1605–1606.) "[W]ithout trial court approval of the proposed compromise of the ward's claim, the settlement cannot be valid. (*Anderson* v. *Latimer* (1985) 166 Cal.App.3d 667, 676 [212 Cal.Rptr. 544].) [¶] Nor is the settlement binding [on the minor] until it is endorsed by the trial court. Subject to exceptions not applicable here, contracts are voidable by minors in California. (Fam. Code, §§ 6710, 6701; 1 Witkin, Summary of Cal. Law (9th ed., 1994 pocket supp.) Contracts, § 356C, pp. 71–72.) Therefore, a proposed compromise is always voidable at the election of the minor through his guardian ad litem unless and until 'the court's imprimatur has been placed on it.' " (*Id.* at p. 1606, quoting *Dacany v. Mendoza, supra,* 573 F.2d at p. 1080.)

The court in *Scruton, supra,* 39 Cal.App.4th at page 1608, further held that the trial court "could not unilaterally and summarily enforce the repudiated compromise without first determining whether, in rejecting the agreement, [the guardian ad litem] had acted contrary to the best interests of the minors." It also concluded there was no statutory authorization for the defendant to move to enforce the compromise over the guardian ad litem's objections. (*Ibid.*)

 *Scruton* and *Dacany* answered the question of whether a settlement agreement may be repudiated by a minor before the agreement is approved by the trial court. It may, and neither the defendant nor the trial court may enforce the agreement over the minor's objections. Here, by contrast, the guardian ad litem seeks court approval of the settlement agreement, not its

disapprove a minor's compromise may be decided by the superior court, ex parte, in chambers. (§ 166, subd. (a)(1), (3); see 2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 23, p. 47.)

repudiation. Thus, we are confronted with the question of whether a defendant and/or its carrier can object to court approval of the settlement. We hold that (1) while the petition for approval of the compromise is pending the settlement agreement is voidable only at the election of the minor or his guardian and (2) a defendant and/or its carrier has no right to object to the petition.

The purpose of section 372 is to protect the minor involved in litigation by adding an extra layer of scrutiny to the settlement of the minor's claims. This statute is a "shield" to protect the interests of a minor. It was not enacted to be a "sword" for a defendant and/or its insurance carrier. The defendant and its carrier "bought peace" at the settlement conference and were bound as of that time. The intervening death of the minor before he could get on calendar for approval should not, and does not, inure to the benefit of the defendant and/or its carrier.

There is a strong public policy in the State of California to encourage the voluntary settlement of litigation. (See *Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1359 [60 Cal.Rptr.3d 693].) And, as indicated: " 'It is the policy of the law to protect a minor against himself and his indiscretions and immaturity as well as against the machinations of other people and to discourage adults from contracting with an infant. Any loss occasioned by the disaffirmance of a minor's contract might have been avoided by declining to enter into the contract.' (*Niemann v. Deverich* (1950) 98 Cal.App.2d 787, 793 [221 P.2d 178]; accord, *Burnand v. Irigoyen* (1947) 30 Cal.2d 861, 866 [186 P.2d 417].)" (*Berg v. Traylor* (2007) 148 Cal.App.4th 809, 818 [56 Cal.Rptr.3d 140].)

Authorities from other jurisdictions agree with our analysis. For example, *Dengler v. Crisman* (1986) 358 Pa.Super. 158 [516 A.2d 1231], rejected an attempt by an insurance company to rescind a settlement agreement it had made with a minor before the agreement received court approval. Pennsylvania Rule of Civil Procedure 2039 provides: " '[n]o action to which a minor is a party shall be compromised, settled, or discontinued except after approval by the court pursuant to a petition presented by the guardian of the minor.' " (*Dengler v. Crisman, supra,* 516 A.2d at p. 1232, quoting Pa. R. Civ. P. 2039.) "We find appellants' argument, that a settlement in a minor's action is not binding on them until court approval is obtained, to be in direct contravention with the purpose of Pa.R.C.P. 2039. Without Pa.R.C.P. 2039, there is no question that a settlement would be binding on behalf of the minor, as long as the appropriate guardian represented his interest. The intent

of that rule could not be to lessen the validity of such settlement, but only to add an additional layer of protection for the minor. Such a settlement is binding on the negotiators but *voidable* as to the minor, pursuant to Rule 2039. Once the court approves the settlement negotiated by the parties, the agreement then becomes binding on the *minor*. This course of action allows the guardians of a minor to effectively negotiate a settlement while at the same time protect the minor's interest by requiring court approval before the settlement can have a binding effect on the minor. We fail to see how allowing the insurance carrier to repudiate the settlement agreement will advance the purpose of the rule. Normally, where a party enters into a settlement agreement, the agreement is binding and enforceable without court approval. Pa.R.C.P. 2039 adds a requirement of court approval for the sole purpose of protecting the *minor's* rights. [Citation.] The agreement to settle in a minor's action comes into existence prior to the court's approval and it is only the court's disapproval of the terms of the agreement to settle that would permit a party to be released from its obligations thereunder." (*Dengler v. Crisman, supra,* 516 A.2d at p. 1233; see also *White v. Allied Mutual Ins. Co.* (2001) 29 Kan.App.2d 797 [31 P.3d 328] [insurance company whose offer to settle is accepted by a minor is bound by the terms of the offer in the period between its acceptance and the court's review of it, which occurs for the protection of the minor]; *Wizniewski v. Parks* (N.Y.Sup.Ct. 1996) 169 Misc.2d 326 [645 N.Y.S.2d 992] [same].)

■ Real parties in interest contend these authorities are distinguishable because in each such case, the defendants objected to the settlement agreement for "substantive" rather than "procedural" reasons. Real parties in interest insist that they seek to repudiate the settlement agreement with petitioner for procedural reasons: the minor has died and damages may no longer be recovered for his pain and suffering. But that tragic event occurred after real parties in interest entered into the settlement agreement. Because real parties in interest are not minors, the agreement was binding as to them when it was entered on the record in the trial court. (§ 664.6.) Had Bryce been an adult when his settlement agreement with real parties in interest was entered on the record, his subsequent death would not have released real parties in interest from their obligations under the agreement. (§§ 377.20, 377.34; *Sullivan v. Delta Air Lines, Inc.* (1997) 15 Cal.4th 288, 305 [63 Cal.Rptr.2d 74, 935 P.2d 781] [§ 377.34 does not preclude recovery of damages for pain and suffering where plaintiff dies after "rendition of a judgment that is final in the fundamental sense that it leaves no issue to be determined between the parties except the fact of compliance," but while an appeal from the judgment is pending].) Because real parties in interest were bound by their agreement when it was made, regardless of whether Bryce had the power to disaffirm it, the agreement remains enforceable after his death.

## Conclusion

Let a peremptory writ of mandate issue, commanding the respondent superior court to (1) vacate its order of August 29, 2011, denying petitioner's motion to enforce the settlement agreement and (2) enter a new order granting that motion. The order to show cause, having served its purpose, is discharged. Costs to petitioner. (Cal. Rules of Court, rule 8.493.)

Gilbert, P. J., and Perren, J., concurred.