Brady v Brady (2020 NY Slip Op 00793)





Brady v Brady


2020 NY Slip Op 00793


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1315 CA 19-01273

[*1]MYRON O. BRADY, PLAINTIFF-RESPONDENT,
v
LINDA F. BRADY, DEFENDANT-APPELLANT. 






INCLIMA LAW FIRM, PLLC, ROCHESTER (CHARLES P. INCLIMA OF COUNSEL), FOR DEFENDANT-APPELLANT.
DIBBLE & MILLER, P.C., ROCHESTER (CRAIG D. CHARTIER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Livingston County (James J. Piampiano, J.), entered December 31, 2018. The order denied the motion of defendant seeking, inter alia, a declaration that a prenuptial agreement is unenforceable. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff husband commenced this action seeking a divorce and, inter alia, a declaration regarding the parties' rights to their separate property in accordance with their prenuptial agreement (agreement). Defendant wife filed an amended answer with counterclaims, asserting, inter alia, that the agreement was unenforceable because it lacked consideration, was unconscionable and manifestly unfair, and was the product of duress, bad faith, and coercion. Subsequently, defendant, in essence, moved for summary judgment on her first and second counterclaims, seeking a declaration that the agreement was unenforceable on many of the grounds raised in those counterclaims, and also requested an order directing plaintiff to reacquire certain shares in Brady Farms, Inc. Defendant now appeals from an order denying her motion, and we affirm.
Contrary to defendant's contention, Supreme Court properly denied that part of her motion seeking a declaration inasmuch as she failed to sustain her initial burden of establishing that the agreement was unenforceable as a matter of law. Specifically, defendant failed to establish that the agreement was unenforceable due to lack of consideration inasmuch as the marriage itself was the consideration for the agreement (see De Cicco v Schweizer, 221 NY 431, 433 [1917]; Rupert v Rupert, 245 AD2d 1139, 1141 [4th Dept 1997], appeal dismissed 97 NY2d 661 [2001], rearg denied 97 NY2d 726 [2002]). Further, "[a] duly executed [prenuptial] agreement is provided the same presumption of legality as any other contract" (Goldfarb v Goldfarb, 231 AD2d 491, 491 [2d Dept 1996]). Thus, where, as here, a prenuptial agreement has been signed by both parties and formally acknowledged, the agreement is presumed valid (see id. at 491-492; see generally Domestic Relations Law § 236 [B] [3]), and defendant had the burden to establish otherwise (see Carter v Fairchild-Carter, 159 AD3d 1315, 1315-1316 [3d Dept 2018]; Gottlieb v Gottlieb, 138 AD3d 30, 36 [1st Dept 2016], lv dismissed 27 NY3d 1125 [2016]; Goldfarb, 231 AD2d at 492). "Such agreements will be enforced absent proof of fraud, duress, overreaching or unconscionability" (Carter, 159 AD3d at 1316). Here, defendant failed to establish as a matter of law that the agreement was the product thereof (cf. Rabinovich v Shevchenko, 93 AD3d 774, 775 [2d Dept 2012]; see generally Bibeau v Sudick, 122 AD3d 652, 655 [2d Dept 2014]; McKenna v McKenna, 121 AD3d 864, 866 [2d Dept 2014]).
We reject defendant's further contention that the court erred in denying that part of her motion seeking an order directing plaintiff to reacquire his shares in Brady Farms, Inc. inasmuch as defendant failed to establish that plaintiff transferred those shares in violation of Domestic [*2]Relations Law § 236 (B) (2) (b).
Finally, we have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court